635 So.2d 438 (1994)
Maurice P. MERCADEL
v.
Han TRAN and Liberty Lloyds Ins. Co.
No. 92-CA-0798.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1994.
*439 John F. Greene, New Orleans, for plaintiff/appellant.
J. Michael Daly, Jr., New Orleans, and Mark A. Myers, Susan M. Mueller, Staines, Eppling & Myers, Metairie, for defendants/appellees.
Before LOBRANO, PLOTKIN and LANDRIEU, JJ.
PLOTKIN, Judge.
The primary issue in this appeal is whether the plaintiff, Maurice P. Mercadel (Mercadel) proved that the defendant Han V. Tran, the automobile operator had the permission to operate the automobile from the owner, Duc Tran and thereby had insurance coverage under the Liberty Lloyds Insurance Co.[1] (Lloyds) policy.

FACTS
On February 21, 1990, at approximately midnight, Mercadel was driving his 1984 Ford Mustang east on Morrison Road. Han V. Tran was driving a 1984 Chevrolet Cavalier, owned by Duc Tran, insured by Lloyds, west on Morrison Road. Without warning Tran executed a left turn through the neutral ground and across plaintiff's path. The front of Mercadel's vehicle struck the right side of the vehicle driven by Tran, causing plaintiff to sustain injuries to his neck and back.
At trial defendant stipulated only that Duc Tran was the named insured on the policy and that the policy limits were ten/twenty. The declaration sheet was introduced into evidence by plaintiff, however, the policy itself was not introduced into evidence.
The only liability witness to testify was Mercadel. His testimony established the negligent driving of Tran. There was no evidence of a relationship or of permissive use between Han and Duc Tran. After the plaintiff presented his evidence, Lloyds *440 moved for a directed verdict which was granted. The trial court concluded that the plaintiff proved his case against Han Tran but failed in their burden of proof as to Duc Tran and Lloyds.
Plaintiff contends that the trial court relied upon facts not in evidence in making its determination that Lloyds did not provide liability coverage for plaintiff's loss. He questions whether the insurer established that permission is an element of omnibus coverage that must be proven by the plaintiff. It is well established that the burden is on the plaintiff to establish every fact that is essential and also to establish that his claim is within the policy coverage. C.L. Morris, Inc. v. Southern American Ins. Co., 550 So.2d 828, 830 (La.App. 2nd Cir.1989), Collins v. New Orleans Public Service, Inc., 234 So.2d 270, 272 (La.App. 4th Cir.1970), writ refused, 256 La. 375, 236 So.2d 503 (1970). A plaintiff alleging liability of an insured or his insurer for negligent acts of a nonowner-user driver under an omnibus clause has the burden of proving that the vehicle was being used with express or implied permission of the named insured. Cook v. Rice, 534 So.2d 1380, 1381 (La.App. 4th Cir.1988), Solice v. State Farm Mutual Automobile Ins. Co., 488 So.2d 1159, 1162 (La.App. 2nd Cir.1986). "[T]he fact of initial use with permission must be established to make the coverage effective" and must be proven by a preponderance of the evidence. Norton v. Lewis, 623 So.2d 874, 876 (La.1993) (reh'g denied). "No presumption burdens or aids either party in the trier of fact's weighing of the testimony and other evidence on this point." Id.
"In Louisiana, owners of motor vehicles are ordinarily not personally liable for damages which occur while another is operating the vehicle. (citations omitted) Exceptions to this rule occur only when the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, or when the owner is himself negligent in entrusting the vehicle to an incompetent driver. Harris v. Hamilton, 569 So.2d 1, 3 (La.App. 4th Cir.1990) (reh'g denied), see also, Talamo v. Shad, 619 So.2d 699, 706 (La.App. 4th Cir.1993), writ denied 625 So.2d 175 (La.1993). There was no evidence presented by plaintiff which would lead the court to believe that any of these exceptions existed in the instant case.
In an effort to soften this precept, the legislature has required that all motor vehicles operating on the roads of Louisiana be covered by liability insurance, a bond or a deposit with the state treasurer. L.S.A.R.S. § 32:861. L.S.A.R.S. § 32:900 defines Motor Vehicle Liability Policy and explains what must be incorporated as well as allowed limitations and exceptions.
An omnibus clause is a clause in an automobile insurance policy which extends the term "insured" to include the named insured and also includes any other person while using the vehicle provided the actual use of the vehicle is by the named insured or with his permission or consent. George J. Couch, Couch Cyclopedia of Insurance Law 2d., vol. 12 at 616 (1981). The purpose of the clause is to protect the named insured, the persons covered under the clause, ie. permittees and the public generally. Id. at 618. It is designed to extend liability insurance coverage to persons, other than the insured, who have the insured's permission to use the vehicle. Therefore permission, either express or implied, is a fact that must be proven for coverage to attach under an omnibus clause.
In Wolfe v. Employers Commercial Union Ins. Co., 272 So.2d 714 (La.App. 3rd Cir. 1973), neither the owner, who was dead, nor the driver or her mother, who were not called as witnesses, testified regarding permission to use the vehicle. Plaintiff proved that the owner was dating either the driver or her mother and that the automobile was seen parked at their residence. There was no proof that the owner ever gave the daughter or the mother permission to use the vehicle or that either woman had ever driven the vehicle before. The court held that the evidence presented was insufficient to prove implied permission and found for the insurance company. Id. at 716.
In the instant case, the plaintiff proved that on February 21, 1990, Han Tran negligently operated a 1984 Chevrolet automobile which was owned by Duc Tran and insured by Lloyds. However, plaintiff did not prove *441 permissive use which Lloyds claimed was required by the policy to cover a non-owner driver. Neither Duc Tran nor Han Tran were subpoenaed to appear at trial (plaintiff alleges that he could not find them to serve them). The record is void of evidence that plaintiff attempted to serve them.[2] Furthermore, plaintiff never subpoenaed the insurance policy nor introduced the terms of the insurance policy into the record. Plaintiff and defense simply stipulated that a policy was issued to Duc Tran and covered the Chevrolet. Therefore, since Louisiana law requires the plaintiff, not the insurer, to prove permissive use and the evidence presented by the plaintiff was insufficient to prove such permission, the court correctly rendered the verdict in favor of Lloyds. This argument is without merit.
Plaintiff's second argument is that the insurer's exclusion in the omnibus clause is against public policy. Plaintiff claims that the Compulsory Motor Vehicle Liability Security laws require every motor vehicle (with some exceptions) registered in this state to be covered by a policy of liability insurance or other security as required by law (L.S.A.-R.S. § 32:861(A)) and that the purpose of the law is to protect innocent victims and to hold the responsible party accountable for his negligence. Exclusions of certain drivers in automobile liability policies are permitted and it is not against public policy if the exclusions do not conflict with the existing statutory provision mandating the inclusion of an omnibus clause in an insurance contract. Raimer v. New England Ins. Co., 595 So.2d 1218, 1221 (La.App. 3rd Cir.1992). The Louisiana Revised Statutes require that a motor vehicle liability policy ... "[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured" L.S.A.-R.S. § 32:900(B)(2) (emphasis added).
In the instant case, the owner of the Chevrolet, Duc Tran had the compulsory insurance required by L.S.A.-R.S. § 32:861(A) and the exclusion claimed by Lloyds did not violate L.S.A.-R.S. § 32:900(B)(2) which requires that coverage be extended to non-named operators who operate with express or implied permission. This argument is without merit.
Plaintiff's third argument is that the trial judge committed legal error in basing his findings on facts that were not in evidence, however he does not elaborate on which facts the court relied. There is no indication that the court relied on any facts not in evidence. The court based its ruling on the fact that the plaintiff failed to prove permissive use of the vehicle. This argument is without merit.
Plaintiff's last argument is that he is entitled to de novo review by this court. Plaintiff argues that he has carried his burden of proof in proving that his injuries were caused by the negligence of Tran while operating a vehicle insured by Lloyds and that he is therefore entitled to judgment in his favor. However, the trial court, which reviewed all of the evidence, found that plaintiff did not prove that Lloyds provided liability insurance coverage for plaintiff's loss. "It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of `manifest error' or unless it is `clearly wrong'" Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). We do not find that the judge's ruling is either manifestly erroneous or clearly wrong. This argument is without merit.
The judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Liberty Lloyds Insurance Co. subsequently became insolvent and L.I.G.A. has been substituted for Liberty Lloyds.
[2] The original pleading was served only on Lloyds. Neither Duc nor Han Tran were served with the original pleading nor is there any evidence in the record to indicate that plaintiff attempted to serve them to appear at trial.