650 So.2d 337 (1995)
Ronald WILLIAMS
v.
Ronald FORBES, Automotive Casualty Insurance Company In Liquidation, and Louisiana Insurance Guaranty Association, as Servicing Office for Car Insurance Company (a/k/a Automotive Casualty Insurance Company).
No. 94-CA-640.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1995.
*338 William E. Mura, Jr., New Orleans, for plaintiff/appellee, Ronald Williams.
Tobin J. Eason, Sacks & Eason, Metairie, for defendant/appellant, Louisiana Ins. Guar. Ass'n.
Before BOWES, DUFRESNE and WICKER, JJ.
BOWES, Judge.
Defendant/appellant, Louisiana Insurance Guaranty Association ("LIGA"), appeals a judgment of the district court in favor of the plaintiff, Ronald Williams ("Williams"), for damages sustained in an automobile accident, in the amount of $10,000.00. For the following reasons we affirm.

FACTS
Williams is the owner of a 1983 Oldsmobile Firenza, in which he was a passenger on the morning of June 6, 1992. On that day the automobile was being driven by defendant Ronald Forbes; both men were quite intoxicated. In the course of operating the vehicle, Forbes drove off the roadway (U.S. Highway 90) and into a mud bank adjacent to a ditch. Williams was injured in the accident.
Williams filed suit against Forbes, as well as against his own insurer, Automotive Casualty Insurance Company ("ACIC"), for injuries received. Because by the time the suit was filed ACIC was in liquidation, Louisiana Insurance Guaranty Association ("LIGA") was also impleaded as a defendant.
On behalf of ACIC, LIGA denied coverage on a policy issued to Williams in the amount of $10,000.00 on the basis of the fact that Forbes did not, at the time of the accident, have a valid driver's license. At the trial on the matter, the parties submitted the matter on stipulations and other pleadings and evidence primary of which was that the amount of damages was $10,000.00, exclusive of costs or interest and that Forbes had permission from the plaintiff Williams to operate the automobile.
The request for admissions submitted by plaintiff and the answers filed by the defendant were submitted as exhibits, along with medical records and the police report. Included in the admitted answers was the admission from Forbes that at the time of the accident, he did not have a valid driver's license. The police report also indicated that Forbes did not have a driver's license. The parties also filed trial memoranda.
The trial court granted judgment in favor of Williams in the amount of $10,000.00, plus interest and costs. No reasons for judgment were given.

THE ISSUES
Appellant LIGA's first contention is that the trial court erred in not upholding the clear language of the policy which required that a "covered person have a valid driver's license." However, their second contention, and the real issue involved herein, is that such a requirement is not against public policy. Just as strongly to the contrary, plaintiff/appellee contends that this requirement illegally restricts coverage for permissive users as required by the omnibus provisions of La.R.S. 22:655 and La.R.S. 32:900, and, therefore, should be nullified as being against public policy.

ANALYSIS
According to LIGA, the relevant portions of the ACIC policy issued to Williams is as follows:
A. INSURING AGREEMENT
We will pay damages for bodily injury or property damages for which any covered person with a valid driver's license becomes legally responsible because of an auto accident ...
* * * * * *
B. DEFINITIONS
1. "Covered person" as used in this section, is defined as a person having a valid driver's license and who is....

*339 b. a person using your covered auto with your permission.
* * * * * *
(Emphasis supplied)
D. EXCLUSION
We do not provide liability coverage for any person covered under this policy....
h. while using an auto without a reasonable belief that the person is entitled to do so ...
The parties stipulated at trial, via the answers to admissions, that Forbes did not have a valid driver's license at the time of the accident when he drove the William's vehicle, with William's permission. Thus, the determination to be made by this Court is whether or not the trial court was manifestly erroneous in its implicit finding that Forbes was a "covered person" under the ACIC policy.
LSA-R.S. 32:51-52 read as follows:
Sec. 51. Vehicle license required.
No person shall operate, or permit to be operated, any motor vehicle upon the highways of this state unless it is registered with the commissioner, the license tax is paid thereon, and it is operated in accordance with the provisions of this Chapter and other laws of this state.
Sec. 52. Driver must be licensed.
No person shall drive or operate any vehicle upon any highway within this state unless and until he has been issued a license to do so as required by the laws of this state nor shall any person permit or allow any other person to drive or operate any vehicle owned or controlled by him upon highways of this state unless and until such other person has been issued a license to so do as required by the laws of this state.
LIGA argues that it is apparent that public policy mandates a person operating a motor vehicle have a valid license to do so and, therefore, the policy limitations appear to further such public policy by requiring a "covered person" to have a driver's license.
However, our legislature has voiced another public policy, and enacted it into law, in La.R.S. 22:655 and in La.R.S. 32:900, "Motor Vehicle Liability Defined." La.R.S. 22:655 reads as follows:
D. It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insured, whether they are named insured or additional insured under the omnibus clause, for any legal liability said insured may have as or for a tortfeasor within the terms and limits of said policy.
[Emphasis supplied].
R.S. 32:900, Section (B)(2) reads as follows:
Such owner's policy of liability insurance:... (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows.
[Emphasis supplied].
Thereafter in the statute follows the recitation of minimum coverage requirements of $10,000.00$20,000.00.
Earlier cases which involve operation of a vehicle by an unlicensed driver revolve around the issue of permission, and do not determine the question before us. See Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (1961); Swanson v. Comeaux, 296 So.2d 267 (La.1974); Francois v. Ybarzabal, 483 So.2d 602 (La.1986).
In other cases, this omnibus clause has been interpreted very broadly by the courts as including coverage when there is conflict with the policy terms, and even with other statutes.
In Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La.App. 2 Cir.1983), writ denied, 440 So.2d 754 (La.1983), the court stated as follows:

*340 The purpose of the compulsory law is not to protect the owner or operator against liability, but to provide compensation for persons injured by the operation of insured vehicles. Couch, Sec. 45:682. Compare La.R.S. 22:655.
A statutory omnibus clause supersedes conflicting policy provisions. Couch, Sec. 45:687, 697, 698, 714. [Emphasis supplied].
* * * * * *
Compulsory liability insurance has been limited to the statutory ceiling, notwithstanding greater policy limits which might be afforded by "stacking" of coverage on two or more automobiles, as in the case of uninsured motorist coverage. Arado v. Central National Ins. Co. of Omaha, 337 So.2d 253 (La.App. 4th Cir.1976), writ refused. Similarly, other states have held that the courts will reform a liability policy not in compliance with the compulsory law only to the extent to make the policy comply with the law.
See also Raimer v. New England Ins. Co., 595 So.2d 1218 (La.App. 3 Cir.1992).
In Mercadel v. Tran, 92-0798 (La.App. 4th Cir. 3/29/94), 635 So.2d 438, the court discussed the omnibus law thusly:
An omnibus clause is a clause in an automobile insurance policy which extends the term "insured" to include the named insured and also includes any other person while using the vehicle provided the actual use of the vehicle is by the named insured or with his permission or consent. George J. Couch, Couch Cyclopedia of Insurance Law 2d., vol. 12 at 616 (1981). The purpose of the clause is to protect the named insured, the persons covered under the clause, ie. permittees and the public generally. Id. at 618. It is designed to extend liability insurance coverage to persons, other than the insured, who have the insured's permission to use the vehicle. Therefore permission, either express or implied, is a fact that must be proven for coverage to attach under an omnibus clause.
* * * * * *
Exclusions of certain drivers in automobile liability policies are permitted and it is not against public policy if the exclusions do not conflict with the existing statutory provision mandating the inclusion of an omnibus clause in an insurance contract. [Emphasis supplied].
In Pitcher on Behalf of Pitcher, 607 So.2d 838 (La.App. 1 Cir.1992), the court found invalid an automobile policy provision excluding coverage for injury for a specific class of victim, i.e., the insured or members of the insured's family. The court found that those victims "may be entitled by law to recover for a tortfeasor's negligence except for their relationship to a person who is insured under the policy" and that their exclusion failed to comport with the statutory policy of the state. In an apparent response to that case, the legislature passed Acts 1992 N. 979, specifically permitting such exclusions.[1]
As in Pitcher, supra, we find nothing in the present law which would permit exclusion of this specific class of victim who may otherwise be entitled to recover for a tortfeasor's negligence. The omnibus clause in the policy in the case before us insures those drivers who have the permission of the insured to drive, but requires those permittees to have valid driver's licenses. We find that this requirement is entirely too broad and all encompassing and that its application is an impermissible restriction on the requirements set out in R.S. 32:900.
To require, as appellant LIGA suggests, that the owner should determine whether the prospective operator is legally entitled to operate the vehicle would place such a burden on the owner as to make a granting of permissive use of a vehicle an impossible task. If the owner questions the permittee as to whether he had a valid driver's license he would not know if the answers given were true or false, either given purposely or untruthfully, or through a lack of knowledge or *341 ignorance as to the true status of the license by the permittee. Even if a permittee driver could actually produce a driver's license, the owner, or named insured, would have no way of knowing if this driver was legally entitled to operate the vehicle or if the license was invalid, expired, suspended, or revoked. Thus an impossible task is placed upon the owner or named insured. However, the record before us here does not show or indicate that Williams had any reason to suspect that Forbes was not a licensed driver.
Additionally, there is nothing in the policy which provides for an emergency situation, or which addresses the knowledge of the insured as to the licensed status of the permittees. While we agree with Hearty v. Harris, 574 So.2d 1234 (La.1991), Raimer, supra and Mercadel, supra, that exclusions of specific drivers are permitted and not against public policy providing they do not conflict with existing statutory provisions mandating an omnibus clause, it is apparent that the present policy provision goes much farther, excluding coverage for an entire class of drivers who have the permission of the owner and, therefore, would otherwise be covered under the omnibus clause.
Here we find no express or discernable reason to allow this insurance policy to restrict coverage to this extent for permissive users as prescribed by the omnibus provisions.
To interpret the policy as defendant would have it would open a huge gap in the omnibus clause. Insureds could thus restrict the definition of an "insured" far beyond the scope and the intent of that law. We hold that any restrictions of this kind must be made by the legislature, as in Pitcher.
In the absence of more specific legislation to the contrary, we are constrained to conclude that R.S. 32:900 does not permit exclusion of the entire class of persons who do not have a valid driver's license in the wholesale manner attempted by the insurer in this case.
In the present case, the statutory omnibus coverage provision of R.S. 32:900 overrides the provision in the defendant's compulsory liability policy excluding coverage on a driver without a valid license to the extent of the statutory limits.
Accordingly, we find no error in the trial court's ruling that plaintiff is covered under the policy at issue.
For the foregoing reasons the judgment is affirmed. Costs are assessed to appellant.
AFFIRMED.
NOTES
[1] LSA-R.S. 32:900(L) reads as follows:

Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.