11 GRISBAUM, Chief Judge.
The defendant-appellant, Automotive Casualty Insurance Company (Automotive Casualty), appeals the trial court’s judgment in favor of the plaintiffs-appellees; Steven Sear-cy, Barbara H. Smith, and State Farm Mutual Automobile Insurance Company (State Farm), awarding damages, legal interest and costs. We affirm in part and amend in part.

ISSUES

The issues presented for review are:
(1) Whether the trial court erred in ruling that insurance coverage must be extended to provide coverage for unlicensed drivers;
12(2) Whether the trial court erred in finding that the defendant, Kenyetta Brown, was driving with permission from the insured at the time of the accident; and
(3) Whether State Farm was awarded excessive reimbursement ■ for the medical expenses of Barbara Smith.

FACTS AND PROCEDURAL HISTORY

On March 22, 1995, the plaintiffs, Steven Searcy and Barbara Smith, were hit by an automobile owned by Denise Brown and driven by her daughter, Kenyetta Brown.' Plaintiffs filed suit against State Farm, their personal uninsured motorist carrier; Kenyetta Brown; and Automotive Casualty, the Brown’s insurer. There is no dispute that Kenyetta Brown was the sole cause of the accident.
Kenyetta Brown did not have a driver’s license on the day of the accident and never has had one. The Automotive Casualty policy does not cover unlicensed drivers; however, the trial court found Kenyetta to be an insured -under the omnibus provision of the policy. The trial court also found that Ken-yetta was driving her mother’s automobile on the day of the accident with her mother’s permission. The defendants’ appeal disputes both of these findings.
The trial court rendered judgment in favor of ‘ plaintiffs, Steven Searcy and Barbara Smith, and against defendants, Kenyetta Brown and Automotive Casualty. Steven Se-arcy was awarded $6,362.27; Barbara Smith was awarded $5,869.05; and State Farm was awarded $4,047.08 for medical payments made on behalf of the plaintiffs. Defendant, Automotive Casualty, appeals the trial court’s judgment finding it liable and the amount awarded to State Farm.
ISSUE ONE — LAW AND ANALYSIS
Appellant contends that the trial court erred in finding the appellee, Kenyetta Brown, an insured under the omnibus provision of the policy issued to hDenise Brown, Kenyetta’s mother, because the policy clearly does not include unlicensed drivers as covered persons.
Though the policy is clear in that unlicensed drivers are not covered persons, the jurisprudence of our Court has held that this exclusion is against public policy. Though we may not agree, we are bound by the law of this Court and not that of the Fourth Circuit, which the appellant asks us to follow.
This Court has held that the exclusion of an entire class of drivers, unlicensed drivers who have the permission of the owner and *1267 would otherwise be covered under the omnibus clause, is an impermissible restriction on the requirements set out in La. R.S. 32:900 (“Motor Vehicle Liability Policy” defined) and is unenforceable. State Farm Mutual Auto. Ins. Co. v. Landry, 96-331 (La.App. 3d Cir. 10/9/96), 688 So.2d 1125; Cormier v. Am. Deposit Ins. Co., 95-865 (La.App. 3d Cir. 12/6/95), 664 So.2d 807; and Williams v. Forbes, 94-640 (La.App. 5th Cir. 1/18/95), 650 So.2d 337. This exclusion is against public policy simply because the purpose of La. R.S. 32:900 is “to provide compensation for persons injured by the operation of insured vehicles ...” and this exclusion hinders that objective. Forbes, supra, at 340 (quoting Fields v. Western Preferred Casualty Co., 437 So.2d 344, 346 (La.App. 2d Cir.1983), writ denied, 440 So.2d 754 (La.1983)).
In finding this exclusion invalid this Court stated:
The omnibus clause in the [insurance] ... policy insures those drivers who have the permission of the insured to drive, but requires those permittees to have a valid driver’s licenses. We find that this requirement is too broad and all encompassing and that its application is an impermissible restriction on the requirements set out in [La.] R.S. 32:900.
Forbes, supra, at 340 (emphasis as found in the original). It further stated that it is an impossible task for the owner to be required to determine whether a person Lis legally entitled to operate a vehicle or whether that person has an invalid licence. Id.
We recognize that here the owner knew that the driver was not licensed; however, we do not believe that this changes the fact that excluding unlicensed drivers from coverage is an impermissible restriction on the requirements set out in La. R.S. 32:900 because public policy favors compensating those injured by insured vehicles. Further, in Cormier, supra, in which the Third Circuit held this same exclusion invalid, the driver was underage, unlicensed and was permitted to drive by her mother, as here.
The Fourth Circuit, on the other hand, has held that this exclusion is valid. American Deposit Ins. Co. v. Gillespie, 96-2246 (La. App. 4th Cir. 11/27/96), 684 So.2d 561. The Fourth Circuit held the exclusion valid under the rationale that to require coverage of an unlicensed driver is to sanction two illegal acts, “driving without a license and loaning a vehicle to an unlicensed driver.” Id. at 563. It further found that it is inequitable and a contradiction to permit an insurer to obtain an additional premium to cover a licensed driver who poses an extra risk, while, at the same 'time, to require coverage of an unlicensed driver, without an additio.nal premium being paid, because he had the permission of the owner. Id.
Accordingly, considering this Court’s conclusion in Williams, we are bound to conclude that this exclusion is invalid and, thus, we find that the trial court was correct in finding Kenyetta Brown an insured under the omnibus clause of the policy which Automotive Casualty issued to Denise Brown.
ISSUE TWO — LAW AND ANALYSIS
Appellant next contends that the trial court erred in finding that Kenyetta’s mother gave her permission to drive on the day of the accident. Appellant’s argument rests on the fact that Denise and Kenyetta Brown, after the accident, |sgave a statement that Kenyetta was driving without her mother’s permission. However, at trial, they testified that she was driving with her mother’s permission.
The trial court made a credibility determination that Denise and Kenyetta Brown were telling the truth at trial. Reasonable evaluations of credibility by the trial court shall not be disturbed upon appeal unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). When there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous. Id. Thus, we cannot say that the trial court’s decision to accept their testimony at trial as true is manifestly erroneous. Therefore, we agree with the trial court’s conclusion that Kenyetta was driving with her mother’s permission at the time of the accident.
ISSUE THREE — LAW AND ANALYSIS
Appellant last contends that State Farm was awarded more reimbursement for the medical costs of Barbara Smith than it *1268 was entitled: We agree. The trial court found that Smith’s injuries from the auto accident were resolved approximately five months after the accident; thus, she was entitled to medical expenses incurred for this period. Since State Farm paid for Smith’s medical expenses after the accident, it is entitled to reimbursement.
The record shows that State Farm acknowledges its aw;ard is for payment of expenses outside this period of time in the amount of $877.00 but argues it is entitled because payment was made under the Medical Payments portion of Smith’s automobile liability policy.
We conclude Automotive Casualty is only liable for those medical expenses suffered as a result of the automobile accident caused by its insured, Kenyetta Brown. It is not liable for the payments State Farm made outside of the five-month period, which the trial court determined to be the time period for which Barbara Smith sought medical attention for injuries related to the automobile | (¡accident. Accordingly, the award to State Farm is reduced by $377.00 for payments not within the five-month period:
For the reasons assigned, the trial court’s judgment is affirmed in part and amended in part. The judgment decreeing Automotive Casualty liable and the awards to Steven Searcy and Barbara Smith are affirmed. The award to State Farm is amended in that it is reduced to include only those payments within the five-month period, which the trial court found to be the period of time for which Barbara Smith was treated for injuries suffered as a result of the accident. Thus, State Farm is entitled to an award of $2,576.00. Each party to this appeal is to bear its respective costs.

AFFIRMED IN PART AND AMENDED INPART.