CLARENCE E. McMANUS, Judge.
 

 2The plaintiff, Kevin White, appeals from a judgment of the trial court finding that he failed to carry his burden of proof and dismissing his action against defendants. We affirm the decision of the trial court.
 

 Plaintiff filed his petition requesting damages incurred as a result of an automobile accident. At trial, he testified that he was traveling on U.S. 90B, when he executed a U-turn. He exited the U-turn into the left lane, and then traveled into the center lane. He contends that he had been traveling in the center lane for at least 5 seconds, when he was rear-ended by defendant, Billy Webb. He testified that his car was struck in the rear on the passenger side, and that the impact was severe. Plaintiff further testified that he did not see Webb’s car until after the impact.
 

 Webb testified that he was proceeding down the center lane on U.S. Highway 90B, when he saw plaintiff ahead of him. Plaintiff came out of the U-turn and, without stopping, started to traverse the entire highway to get to the far right lane. Webb applied his brakes and tried to move into the right lane, but was unable to |aavoid hitting the plaintiff. Webb stated that the left front corner of his car struck the right rear quarter of plaintiffs car.
 

 Jaron Guillot, a passenger in Webb’s car, testified via deposition that he observed plaintiff exit the U-turn without yielding, and that he pulled into the middle of the road and then stopped. Webb applied his brakes, but could not avoid the accident. He stated that the left front of the car hit the back right side of plaintiffs car.
 

 Wayne Jackson, also a passenger in Webb’s car, testified that they were traveling in the middle lane of the expressway. Plaintiff car came out of the U-turn lane and tried to cut in front to travel all the way to the right lane. Webb applied his brakes and tried to move to the right, but he was unable to avoid the collision. Webb’s car made contact with the back passenger side of plaintiffs car.
 

 Trooper Henry Joseph testified that he investigated the accident, which had been moved to the side of the road before he arrived. He concluded that plaintiff, who was governed by a yield sign coming out of a U-turn lane, exited the lane and crossed over three lanes of traffic and into Webb’s path of travel.
 

 Ken Boudreaux, the body shop manager at Don Bohn Ford, testified that he examined plaintiffs car after the crash. The damage was located at the right rear of plaintiffs car, including rear end, rear
 
 *23
 
 bumper, rear hatch, rear quarter panel, right rear guard panel, rear body panel, rear floor pan, and rear unibody. He opined that the car was hit in the right hand corner of the rear bumper, based on the crumple zones in the panels of the car. On cross examination, he admitted that there was no damage to the tailgate/hatchback of the car.
 

 |4In this appeal, the plaintiff/appellant alleges that the judgment is contrary to the law and evidence. He contends that the evidence at trial shows that he was rear ended by defendant, “who failed to closely observe petitioner’s vehicle in the roadway ahead of him and to maintain a proper and safe speed and distance.” He argues that he is entitled to the legal presumption that a following motorist is presumed to be at fault when he collides with a preceding vehicle, and that the defendant bears the burden of exculpating himself from the inference of negligence.
 

 The appellees contend that the trial court could reasonably have concluded that the cause of the accident was the plaintiffs actions in improperly merging into appel-lees lane of traffic, and that defendant did not have time to avoid the accident.
 

 In
 
 Garrity v. St. Paul Fire & Marine Ins. Co.,
 
 07-965 (La.App. 5 Cir. 4/15/08), 984 So.2d 900, 904,
 
 writ denied,
 
 08-1051 (La.8/29/08), 989 So.2d 106, this court once again set forth the applicable standard of review:
 

 The standard of review by an appellate court of a district court’s findings of fact is well known. The district court’s factual findings may not be set aside in the absence of manifest error or unless they are clearly wrong. Where there is a conflict in the testimony, inferences of fact should not be disturbed upon review, even though the reviewing court may feel that its own evaluations and inferences are as reasonable. In order to reverse a district court’s determination of a fact, a reviewing court must review the record in its entirety and (1) find a reasonable factual basis does not exist for the finding, and (2) further determine the record establishes the factfinder is clearly wrong or manifestly erroneous. The issue to be resolved by the reviewing court is not whether the factfinder was right or wrong, but whether the factfinder’s conclusion was a reasonable one.
 
 [1]
 

 A proper review of the record cannot be completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court. There must be a further determination that the factfinder’s conclusion is reasonable | fin light of the entire record.
 
 Ambrose v. New Orleans Department Ambulance Service,
 
 93-3099, 93-3110, 93-3112 (La.7/5/94), 639 So.2d 216, 220;
 
 Cannet v. Franklynn Pest Control Company,
 
 08-56 (La.App. 5 Cir. 4/29/08), 985 So.2d 270, 274.
 

 In an action to recover damages for injuries allegedly caused by another’s negligence, the plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence.
 
 Benjamin ex rel. Benjamin v. Housing Authority of New Orleans,
 
 04-1058 (La.12/1/04), 893 So.2d 1. Proof by a preponderance of the evidence is defined as taking the evidence as a whole, the fact to be proved is more probable than not.
 
 Boxie v. Smith-Ruffin,
 
 07-264 (La.App. 5 Cir. 2/6/08), 979 So.2d 539;
 
 Earls v. McDowell,
 
 07-17 (La.App. 5 Cir. 5/15/07, 960 So.2d 242).
 

 
 *24
 
 In this case, the plaintiff testified that he made the U-turn into the center lane, and was proceeding in the center lane when he was rear-ended by defendant. Defendant testified that he was proceeding down the center lane, when the plaintiff came out of the U-turn, and into the lane in which he was traveling. The pictures of the vehicles involved in the accident reflect that damage to plaintiffs car was the right rear quarter, and the damage to defendant’s car was the left front. The officer who investigated the accident opined that the cause of the accident was the plaintiffs failure to yield when coming out of the U-turn. Based on this evidence, the trial court found that the plaintiff failed to prove his claim that the accident was caused by the defendant (whom plaintiff alleged rear-ended him.).
 

 Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Garrity, supra
 
 at 904. When findings are based on determinations regarding the credibility of witnesses, the manifest error or clearly wrong standard demands great deference |fito the trier of fact’s findings because only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.
 
 Id.
 
 at 904.
 

 Our review of the record as a whole supports the trial court’s judgment. Accordingly, we find no error in the trial court’s determination that plaintiff failed to meet his burden of proof.
 

 For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff/appellant.
 

 AFFIRMED.
 

 [1]
 

 . Citing
 
 Hanks v. Entergy Corp.,
 
 06-477, p. 22 (La. 12/18/06), 944 So.2d 564, 580;
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La. 1989);
 
 Stobart v. State, Through DOTD,
 
 617 So.2d 880, 882 (La. 1993);
 
 Bonin v. Ferrellgas, Inc.
 
 03-3024, p. 6-7, 877 So.2d 89, 94-95;.