ROBERT M. MURPHY, Judge.
1 ^Defendant-appellant, Liberty Mutual Insurance Company, appeals the trial court’s judgment denying its motion for involuntary dismissal, as well as the trial court’s judgment rendered in favor of plaintiff-appellee, Steven Cao, and against defendant-appellant after a bench trial on the merits. For the reasons that follow, we reverse the judgment denying defendant-appellant’s motion for involuntary dismissal and vacate the judgment rendered in favor of plaintiff-appellee.
FACTS AND PROCEDURAL HISTORY
On March 25, 2010, plaintiff-appellee, Steven Cao, filed a petition for damages against defendant-appellant, Liberty Mutual Insurance Company, David Singletary and Tara Singletary. Mr. Cao alleged that on April 5, 2009, he sustained injuries in an automobile accident caused by the negligence of Tara Singletary. He alleged that at the time of the accident, Tara Singletary was driving a 1990 Buick LeSabre, which was owned by David Singletary and insured by Liberty Mutual. Liberty Mutual filed an answer, generally denying the allegations of Mr. Cao’s petition. Neither Tara Singletary nor David Singletary answered Mr. Cao’s petition or made any other appearance in the suit.
laThe case proceeded to trial on June 19, 2012, with Liberty Mutual appearing as the only defendant. At the start of trial, Mr. Cao and Liberty Mutual entered into the following stipulation: “[w]e would stipulate to the policy of insurance underwritten by Liberty Mutual.” However, the insurance policy referenced in the stipulation was not introduced into evidence at trial by either Mr. Cao or Liberty Mutual. Mr. Cao introduced his medical records into evidence and testified on his own behalf regarding his description of the accident and his resulting injuries. As Mr. Cao was proceeding down Wall Boulevard, a ear parked on the left side of the street suddenly pulled into his lane of traffic, causing him to lose control of his vehicle and crash into a building. As a result of the accident, Mr. Cao experienced pain in his neck, chest and upper back, for which he received two months of chiropractic treatment. At the conclusion of Mr. Cao’s cross-examination, he rested his case without calling any additional witnesses or producing any additional documentary evidence.
Liberty Mutual moved for directed verdict at the close of Mr. Cao’s case, based upon his failure to offer any evidence regarding the owner or the driver of the vehicle at fault in the accident. The judge denied Liberty Mutual’s motion, finding that Mr. Cao had identified Liberty Mutual as “the insurer of the vehicle that was insured.” At that point, Liberty Mutual rested its case without offering any testimony or documentary evidence and again moved the court for a directed verdict. Liberty Mutual argued that Mr. Cao failed to offer any evidence identifying the driver of the vehicle involved in the accident or the vehicle itself. The judge denied the motion, finding that the parties’ stipulation to the insurance policy identified Liberty Mutual as the insurer of the vehicle involved in the accident. Counsel for Liberty Mutual disagreed, arguing that the parties’ 14stipulation only determined that Liberty Mutual issued an insurance policy, not that the vehicle involved in the accident was covered by that policy.
The judge denied Liberty Mutual’s motion for directed verdict and rendered a judgment in favor of Mr. Cao and against Liberty Mutual, awarding $10,000 in damages. The judgment further dismissed Mr. Cao’s claims against Tara Singletary and David Singletary with prejudice. The *728 court rendered a written judgment on June 29, 2012. Liberty Mutual now appeals.
DISCUSSION
On appeal, Liberty Mutual raises two assignments of error: (1) the trial court erred in denying Liberty Mutual’s motion for directed verdict; and (2) the trial court erred in ruling in favor of plaintiff where he failed to prove the necessary elements of his claim for negligence. Mr. Cao did not file a brief in opposition to Liberty Mutual’s appeal.
In its first assignment of error, Liberty Mutual contends that the trial court’s denial of its motion for directed verdict was improper because Mr. Cao failed to offer any evidence regarding the alleged tortfea-sor. Specifically, Liberty Mutual argues that Mr. Cao failed to identify the owner of the vehicle at fault, the driver of the vehicle at fault, the insurer of the vehicle at fault, or the vehicle itself. Liberty Mutual contends that the evidence presented by Mr. Cao at trial merely established that he sustained injuries in a car accident, for which he received medical treatment.
Because this case was tried in a bench trial, and not before a jury, a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672 is the proper procedural device in such cases. Brock v. Singleton, 10-550 (La.App. 5 Cir. 3/29/11); 65 So.3d 649, 660. In a motion for involuntary dismissal, the defendant may move for a dismissal of the action against him after the close of the plaintiffs case, where the Isplaintiff has shown no right to relief based upon the facts and law. Id. The appropriate standard in determining whether an involuntary dismissal should be granted is whether the plaintiff has presented sufficient evidence in his case-in-chief to establish his claim by a preponderance of the evidence. Id. An appellate court may not reverse a ruling on a motion for involuntary dismissal unless is it manifestly erroneous or clearly wrong. Id.
In an action to recover damages for injuries allegedly caused by another’s negligence, the plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence. White v. Am. Int’l Group, Inc., 08-1238 (La.App. 5 Cir. 3/24/09), 11 So.3d 21, 23. Proof by a preponderance of the evidence is defined as taking the evidence as a whole, the fact to be proved is more probable than not. Id. When seeking recovery under a policy of insurance, it is the plaintiffs burden to establish every essential fact and that his claim is within the policy coverage. Mercadel v. Tran, 92-0798 (La.App. 4 Cir. 3/29/94); 635 So.2d 438, 440. Specifically, where a plaintiff alleges liability of an insured or insurer for the negligence of a non-owner driver of a covered vehicle, the plaintiff has the burden of proving that the vehicle was being used with the express or implied permission of the named insured. Id.
In his petition for damages, Mr. Cao alleged that he was injured in a car accident caused by the negligence of defendant Tara Singletary, the driver of a 1990 Buick LeSabre. Mr. Cao alleged that because Tara Singletary was not the owner of the Buick she was driving at the time of the accident, her negligence was imputed to the owner of the Buick, defendant David Singletary, and the insurer of the Buick, Liberty Mutual, “under a theory of respon-deat superior, and/or permissive use.”
|(At the start of trial, the parties entered into the following stipulation regarding an insurance policy issued by Liberty Mutual:
THE COURT:
Okay, gentlemen, any stipulations or anything?
COUNSEL FOR STEVEN CAO:
*729 Yes. We would stipulate to the policy of insurance underwritten by Liberty Mutual. Is that okay, John?
COUNSEL FOR LIBERTY MUTUAL:
Yes.
Importantly, however, the insurance policy referenced in the foregoing stipulation was not introduced into evidence at trial by Mr. Cao or by Liberty Mutual. “Evidence not properly and officially offered and introduced into evidence cannot be considered on appeal, even if it is physically placed in the record.” Jackson v. United Serv. Auto. Ass’n Cs. Ins. Co., 08-333 (La.App. 5 Cir. 10/28/08); 1 So.3d 512, 515; Ray Brandt Nissan, Inc. v. Gurvich, 98-634 (La.App. 5 Cir. 1/26/99); 726 So.2d 474, 476. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Jackson, supra, citing La. C.C.P. art. 2164. In denying Liberty Mutual’s motion for involuntary dismissal, the trial court concluded that Mr. Cao had shown that the vehicle involved in the accident was covered by the Liberty Mutual policy. However, the record reveals that no such policy was ever introduced into evidence at trial. Therefore, the ruling of the trial court was erroneous, as it was not based upon a proper foundation.
In fact, the only evidence introduced at trial by Mr. Cao in support of his claims was: (1) his own testimony regarding his description of the accident and the injuries he sustained as a result; and (2) medical records related to his claimed |7inj uries. He did not testify, or call any other witnesses to testify, regarding the insurance policy referenced in the parties’ stipulation, the identity of the driver of the car at fault, the owner of the car at fault, the insurer of the car at fault, or the make or model of the car at fault. Citing Mr. Cao’s failure to offer any evidence establishing the foregoing elements, Liberty Mutual re-urged its motion for involuntary dismissal of plaintiffs claims at the close of its casein-chief.
In response, the trial court denied Liberty Mutual’s motion for involuntary dismissal, finding that Mr. Cao need only identify the vehicle at fault in order to meet his burden of proof, and that Mr. Cao sufficiently carried that burden by virtue of the parties’ stipulation to the insurance policy. As noted above, the insurance policy referenced by the parties’ stipulation was not introduced at trial, and therefore, was not properly before the court. However, even without consideration of the insurance policy itself, we find that the parties’ stipulation to “the policy of insurance underwritten by Liberty Mutual,” is insufficient to carry Mr. Cao’s burden of proof at trial.
Where a plaintiff, such as Mr. Cao, alleges liability of an insured or insurer for the negligence of a non-owner driver of a covered vehicle, the plaintiff has the additional burden of proving that the vehicle was being used with express or implied permission of the named insured. Mercadel, 635 So.2d at 440. The fact of initial use with permission must be established to make coverage effective and must be proven by a preponderance of the evidence. Id. For instance, in Mercadel v. Tran, supra, the Fourth Circuit affirmed the trial court’s grant of the insurer’s motion for directed verdict under similar circumstances involving a car accident caused by a non-owner driver of a covered vehicle. At trial, the insurer stipulated only that the owner of the vehicle was the named insured in the policy at issue and that the policy limits were 10/20. However, only the policy’s declaration page, and 18not the policy itself, was introduced into evidence. The plaintiff was the only liability witness to testify at trial, wherein he established *730 the negligence of the non-owner driver, but failed to offer any evidence of a relationship or permissive use between the vehicle owner and the non-owner driver.
In affirming the trial court’s grant of the insurer’s motion for directed verdict, the appellate court noted that although the plaintiff established that the non-owner driver negligently operated the covered vehicle, he did not prove the driver’s permissive use of the vehicle, as required by Louisiana law. Id. at 441. Additionally, the court emphasized that the plaintiff did not subpoena the driver or the owner to appear at trial, nor did he introduce the insurance policy into evidence. Id. The court concluded that the parties’ stipulation that a policy was issued to the owner which covered the vehicle involved in the accident, was insufficient to establish permissive use. Id.
In this case, Mr. Cao and Liberty Mutual simply stipulated that Liberty Mutual issued a policy of insurance. Contrary to the trial court’s finding, they did not stipulate that the Liberty Mutual policy at issue provided coverage for the accident alleged by Mr. Cao. As a result, it was still Mr. Cao’s burden to prove that his claim is within the policy coverage at trial. Because Mr. Cao has alleged that Tara Singletary, a non-owner driver, was driving the vehicle allegedly at fault in the accident, it was his burden to prove that she did so with the express or implied permission of the vehicle’s alleged owner, David Singletary. Based on our review of the record, Mr. Cao failed to present any evidence at trial in this regard. Not only did Mr. Cao fail to identify Tara Singletary or David Singletary, he did not offer any evidence regarding the relationship, if any, between Tara and David, much less whether she obtained his permission prior to driving the vehicle on the day of the accident. He did not call Tara Singletary or David Singletary, or any | nother witnesses, to testify at trial. Because Mr. Cao did not file an appellate brief in this matter, he has not presented any argument for our consideration on appeal.
After reviewing the record in its entirety, we find that Mr. Cao did not present sufficient evidence to establish his claims by a preponderance of the evidence. The evidence admitted at trial consisted of Mr. Cao’s testimony regarding a vehicular accident and his resulting injuries, medical records and a stipulation to an unidentified insurance policy. Mr. Cao failed to present any evidence identifying the insurance policy at issue, the owner of the vehicle at fault, the driver of the vehicle at fault or her permissive use, the insurer of the vehicle at fault, or the vehicle at fault. Accordingly, we find that the trial court’s denial of Liberty Mutual’s motion for involuntary dismissal was manifestly erroneous and reverse that ruling, hereby dismissing Mr. Cao’s claims against Liberty Mutual with prejudice.
Because we have reversed the trial court’s denial of Liberty Mutual’s motion for involuntary dismissal, the issue raised in Liberty Mutual’s second assignment of error related to the judgment rendered in favor of Mr. Cao is now moot. Therefore, we vacate the judgment rendered in favor of Mr. Cao and against Liberty Mutual in the amount of $10,000.
CONCLUSION
For the reasons stated herein, we reverse the trial court’s judgment denying defendant-appellant Liberty Mutual Insurance Company’s motion for involuntary dismissal and dismiss plaintiff Steven Cao’s claims against Liberty Mutual Insurance Company with prejudice. Accordingly, we vacate the trial court’s judgment rendered in favor of Steven Cao and *731 against Liberty Mutual Insurance Company in the amount of $10,000.
CHAISSON, J., dissents with reasons.