FREDERICKA HOMBERG WICKER, Judge.
| ¿Plaintiff, Schirelle Wiltz, ■ appeals the summary judgment granted in favor of defendants, Floor & Decor Outlets of America and its insurer, Continental .Insurance Company. For the following reasons, we affirm.

FACTS AND PROCEDURAL BACKGROUND

On February 26, 2014, plaintiff filed suit against Floor & Decor and Continental Insurance Company for damages sustained while visiting Floor & Decor’s Gretna store location.[1] Plaintiff alleged that she sustained personal injuries when a bench on which she sat inside the store suddenly collapsed, causing her to fall to the ground. In her petition, plaintiff alleged that Floor & Decor was | .^negligent in failing to discover the bench’s defect and in failing to warn customers of the bench’s weight capacity., restriction. Plaintiff alternatively pled the doctrine of res ipsa loquitur, asserting that the damages could not have occurred absent Floor & Decor’s negligence.[2]
Following preliminary discovery, on November 24, 2014, defendants filed a motion for summary judgment, asserting that plaintiff could not satisfy her evidentiary burden at trial to prove that defendants had actual or constructive knowledge of the alleged defect at issue. Defendants also argued that the doctrine of res ipsa loquitur did not apply under the facts of this case and sought dismissal of all of plaintiffs claims, The motion was originally set. for hearing on February 27, 2015, but was continued and reset for March 16, 2015. On that date, the motion was again continued, at plaintiffs. counsel’s request for additional time to conduct discovery, until June 15,20.15.
■On June 1, 2015, plaintiff filed a motion to continue the summary judgment hearing, asserting that additional discovery was necessary and that the depositions of defendants’ corporate representatives, Sylvia Dugarte and Ronnie Cancienne, were scheduled for June 5, 2015. Plaintiff alleged that she would not have sufficient time between the depositions and the hearing to include the recently taken deposition testimony in a stipplemental opposition to the motion for summary judgment. On June 11, 2015, plaintiff filed an amended motion to continue the hearing, asserting that the 1442 corporate representatives’ depositions took place on June 5, 2015, and that the depositions provided testimony in conflict with defendants’ prior written discovery responses. Plaintiff alleged that additional 1 ¿discovery would be necessary to investigate the conflict between defendants’ discovery responses and the representatives’ deposition testimony. Defendants objected’- -to any continuance of the hearing, arguing that the hearing was continued twice previously and that plaintiff had sufficient time to conduct discovery since the filing of their November 24, 2014 *1206 motion for summary judgment. The trial judge-denied plaintiffs motion to continue, finding that plaintiff had ample “opportunity to conduct adequate discovery.”
After the hearing on defendants’ motion for' summary judgment, the trial judge granted defendants’ motion and dismissed plaintiffs suit. Plaintiff has timely appealed that judgment, complaining that the trial judge erred first in denying- her motion to continue the hearing and, second, in granting defendants’ motion for summary judgment. We address each assignment of error in turn.

Motion to Continue

Plaintiff seeks review of the trial court’s denial of her motion to continue the June 15, 2015 summary judgment hearing. For the following reasons, we find the trial judge did not err in his judgment. .
The record reflects that plaintiffs petition was filed on February 26, 2014. After defendants took plaintiffs deposition in September of 2014, defendants filed a motion for summary judgment on November 24, 2014. The hearing on defendants’ motion was first set in February, 2015 and was continued until March, 2015. The record does not reflect the reason for that continuance. On March 16, 2015, the parties appeared before the trial court and plaintiff requested that the hearing be continued to allow for additional time to conduct discovery. The trial judge continued the summary judgment hearing, to allow plaintiff additional time to conduct discovery, until June 15, 2015.
| ¿The June 1, 2015 motion to continue at issue emphasized that plaintiff needed additional time[1] to set the depositions of Floor & Decor representatives'Sylvia Du-garte and Ronnie Cancienne. The record reflects that deféndants provided the names of these two individuals (Ronnie Canicenne as the Gretna store manager and Sylvia Dugarte as the representative who provided defendants’ first set of discovery responses) in defendants’ August 2, 2014 responses to plaintiffs first set of interrogatories. The first correspondence in the record indicating that plaintiff intended to depose those individuals is March 24, 2015. The record reflects that the parties’ counsel communicated by email to schedule the depositions and, on April 16, 2015, defense counsel provided plaintiffs counsel dates in April, 2015 for the depositions. However, in response,, plaintiffs counsel requested dates in May, 2015. There is no indication in the record as to why the depositions did not move forward in April or May. Plaintiff did not issue notices for these two depositions until June 3, 2015.[3]
The depositions went forward on June 5, 2015,: ten days prior to the summary judgment hearing. At the hearing on the motion to continue, plaintiffs counsel alleged that the deposition testimony conflicted with defendants’ written discovery responses. The alleged conflicting testimony concerned which employee purchased the bench in question and whether the bench was purchased in a box and subsequently assembled, with included instructions, by Floor & Decor employees, or purchased pre-assembled- as a store display, item. However, plaintiff did not introduce into evidence copies of, the deposition transcripts, alleging that she had not yet received the deposition transcripts from the court reporter. Further, Rthere was no evidence or argument presented at the *1207 hearing, as to whether plaintiffs counsel took any measures to obtain the transcripts in an expedited manner, given the scheduled June 15, 2015 summary judgment hearing.
This Court has stated: ‘
Under La. C.C.P. art: 966, a motion for summary judgment is appropriate after “adequate discovery.” The law requires the parties be given a fair opportunity to present their claims; Pignona v. Farber, 13-192 (La.App. 5 Cir. 10/9/13); 128 So.3d 390, 397-98. There is no absolute right to delay a trial court’s consideration of a motion for summary judgment until discovery is completed; rather, it is within the trial court’s discretion to render summary judgment or require further discovery. Id. The trial court’s decision in this regard should Only be reversed upon a showing of an abuse of that discretion. Id.
Ladart v. Harahan Living Ctr., Inc., 13-923 (La.App. 5 Cir. 5/14/14), 142 So.3d 103, 110.
Given the fact that the hearing on defendants’ motion for summary judgment did not take place until nearly seven months after the filing of the motion, due to two continuances, at least one of which was granted for the purpose-of allowing plaintiff additional time to conduct further discovery, we find that the trial judge did not err in denying plaintiffs motion to continue. • '

Motion for Summary Judgment

Procedural Note

Plaintiff asks this court to supplement the appellate record with the deposition transcripts of the 1442 corporate representatives’ depositions,, taken prior to the summary judgment hearing. Appellate courts are courts of record and may not review evidence that is not in the appellate record or receive new evidence. Cao v. Liberty Mut. Ins. Co., 12-954 (La. App. 5 Cir. 5/30/13), 119 So.3d 725, 729; see also Denoux v. Vessel Management Services, Inc., 07-2143 (La.5/21/08), 983 So.2d 84, 88-89. Plaintiffs- request to. supplement the appellate record with this evi-.dénce is denied.'

\nMotionfof Summary Judgment

On November 24, 20Í4, defendants, filed a motion for summary judgment, assérting that the bench at issue had been present in the store for two years without incident and that they had no actual or constructive knowledge of any defect.' Defendants further argued that the defect at issue was a hidden defect,, resulting from á manufacturing or design deficiency, for which defendants cannot be Held liable.
. In support of their motion for summary judgment, defendants attached the parties’ first set of discovery responses and an excerpt from plaintiffs deposition transcript. Defendants also attached a receipt for the purchase of the store’s bench from Harbor Freight Tools as well as the “Assembly Instructions and Precautions” manual for the bench. The instructions provide that the wooden slat bench with black, metal or iron sides has a 300-pound weight capacity, evenly distributed, and indicates that the two metal side frames came previously welded Or assembled.
In support of their motion, defendants pointed to plaintiffs deposition testimony, in which plaintiff indicated that she did not know whether Floor & Decor had any actual or constructive knowledge of the alleged defect at issue. Defendants further pointed to plaintiffs written discovery responses, in which plaintiff generally responded that the bench was defective in “construction, maintenáncé and/or design.”
In opposition to .the motion for summary judgment, plaintiff attached defendants’ *1208 first set of discovery responses, in which they state that the bench was located in the store for approximately two years pri- or to plaintiffs accident; that Floor & Decor did not have a set inspection schedule for the bench and is unaware of any prior incidents involving the bench; and that the bench had a hidden defect in the metal frame that was not apparent upon inspection by the naked eye.
IsPlaintiff argued that defendants were negligent in failing to inspect the bench for defects, such as loose screws, as provided in the manufacturer’s instruction manual and that defendants’ failure to have an established inspection , practice was a breach of its duty to inspect the bench for customers’ use. Plaintiff further argued that defendants were negligent in failing to place a sign to warn the store’s customers of the bench’s 300-pound weight capacity restriction.
Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Burns v. Sedgwick Claims Mgmt. Servs., 14-421 (La.App. 5 Cir. 11/25/14), 165 So.3d 147; Prince v. K-Mart Corp., 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248; Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 547. A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to. material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2).[4]
The summary.judgment procedure is favored and shall be construed to secure the just, speedy,. and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Trench v. Winn-Dixie Montgomery LLC, 14-152 (La.App. 5 Cir. 9/24/14), 150 So.3d 472. The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the movant’s burden on a motion for summary judgment does not require, him to negate all essential elements of the adverse party’s claim,.but rather to point out to the court that there is an absence of factual support for one or more elements essential to the claim. Id.; Patrick v. Iberia Bank, 05-783 (La.App. 5 Cir. 3/14/06), 926 So.2d 632, 634. Thereafter, if the adverse party fails to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden at trial, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(C)(2).
To impose liability for an unreasonably dangerous defect, a plaintiff has the burden to show that the thing was in the custodian’s custody or control, it had a vice or defect that-presented an unreasonable risk of harm, the defendant knew or should have known of the unreasonable risk of harm, and the damage was caused by the defect. La. C.C. art. 2317.1; Dauzat v. Thompson Const. Co., Inc., 02-989 (La.App. 5 Cir. 1/28/03), 839 So.2d 319. “The addition of the element of knowledge to article 2317.1 has effectively turned it from strict liability to a negligence claim.” Monson v. Travelers Prop. & Cas. Ins. Co., 06-921 (La.App. 5 Cir. 4/24/07), 955 So,2d 758, 761. This Court has also held that, in a suit against a merchant arising out of an alleged defect or unreasonably *1209 dangerous condition in or on the merchant’s premises, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6. Collins v. Home Depot, U.S.A., Inc., 15-199. (La.App. 5 Cir. 12/9/15), 182 So.3d 324.
Under La. R.S. 9:2800.6, a merchant owes a duty to persons who use his premises and its duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. La. R.S. 9:2800.6(A). In addition to proving underlying negligence on the part of the merchant-defendant, La. R.S. 9:2800.6 places the burden of proof on the plaintiff to prove: 1) that a fall occurred on the defendant’s premises due to a condition which presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; 2) that defendant either created the condition or had linactual or constructive notice of the condition prior to the occurrence; and 3) that the defendant failed to exercise.reasonable care. Thomas v. Caesars Entm’t Operating Co., 12-1202 (La.App. 4 Cir. 1/23/13), 106 So.3d 1279, 1282.
Upon review of the motion for summary judgment and the opposition thereto, we find that the trial court correctly determined that plaintiff failed to show she could meet her evidentiary burden at trial and, therefore, properly granted summary judgment in this case.
In her petition for damages, plaintiff asserted various theories for defendants’ liability; Plaintiff alleged that defendants were negligent in. failing to inspect the bench regularly for loose screws to discover the bench’s alleged defect. Plaintiff also alleged that defendants were negligent for failing to warn of the bench’s weight capacity restriction, indicating that plaintiffs weight exceeded the bench’s weight capacity. Plaintiff also alleged a potential manufacturing defect, asserting in discovery responses that the bench was defective in “construction, maintenance, and design.”
We find that plaintiff has failed to meet her burden to prove each element of her negligence claim under La. C.C. art. 2317.1 and La. R.S. 9:2800.6. A review of the evidence submitted in connection with the motion for summary judgment reflects that plaintiff failed to put forth any evidence as to the cause of the bench’s collapse, First, there is no evidence to show plaintiffs weight at .the time of the accident. Therefore, there is no evidence to prove that plaintiffs weight contributed to the accident or that she weighed over the bench’s 300-pound weight capacity restriction. Second, there is no evidence to show whether, alternatively, the bench collapsed as a result of a hidden defect caused by the manufacturer’s negligence or a loose screw resulting from. improper assembly or maintenance. In Based upon the evidence presented, we are unable to discern what the alleged defect is or what caused the bench to fail.
At the summary judgment hearing, plaintiffs counsel acknowledged that an engineer or expert would be necessary to opine on the bench’s alleged defect. The motion for summary judgment at issue was filed in November of 2014 and was not argued and submitted until June 15, 2015. In that time, from the record before us, plaintiff made no effort to retain an expert to inspect the actual bench, or a similar make and model of bench, to opine on the alleged defect or the cause of the bench’s collapse, leading to plaintiffs injuries.
Plaintiff complains that defendants have conducted discovery in bad faith. A review of the record reflects that defendants have not provided consistent or complete *1210 discovery responses and have been imprudent in the discovery process. However, the record further reflects that plaintiffs counsel, in the seven-month time period from the filing of the motion for summary judgment until the summary judgment hearing, did not file a motion 'to compel defendants to provide complete or accurate discovery responses. Further, the record reflects that plaintiff did not file a motion to retain evidence or to sequester the bench for inspection.[5]
Based upon the evidence submitted m connection with the defendants’ motion for summary judgment, we are unable to discern- the cause of the bench’s collapse. This Court has held that “mere speculation or suggestion is not enough to meet the' stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6.” Allen Wal-Mart, 37,352, (La.App. 2 Cir. 6/25/03), 850 So.2d 895, 898; Frank v. Boomtown L.L.C., 12-382 (La.App. 5 Cir. 12/11/12), 106 So.3d 227. Therefore, we find plaintiff failed to prove that she could meet her evidentiary burden at trial and, thus, summary judgment was appropriate in this ease. Accordingly, the trial court judgment is affirmed.

AFFIRMED

. Plaintiff also named ABC Manufacturer and XYZ Insurance Company as defendants in her petition.

. In their Answer to plaintiff’s petition, defendants stated that, "upon information and belief, the bench was manufactured by Hampton Bay and ... purchased from Home Depot.” In their amended Answer to plaintiff’s petition, defendants .revised their Answer to state, "Upon information and belief, the bench was manufactured by Chameleon and ... purchased from Harbor Freight Tools, Store No. 00272', 91 Westbank Expressway, Grfetna, LA 70053, located next to Floor & Decor.”

. The trial court apparently conducted a status conference to resolve a dispute between the parties concerning the scheduling of the out-of-state deposition of corporate representative Sylvia Dugarte. Over the plaintiff’s objection, the Court found that the 1442 deposition of the out-of-state representative did not need to take place via Skype, but could be handled via telephone. Plaintiff did not seek supervisory review of that ruling.

. The summary judgment hearing in this case was held on June 15, 2015, Accordingly, we apply the version of La. C.C.P. art. 966 in effect at that time.

. Although one request for production of documents propounded by plaintiff upon defendants,- on March 24, 2015, and responded to by defendants on April 2, 2015, requests that defendants produce the bench at issue, a request for production of documents is not the proper procedural vehicle to preserve physical evidence for inspection. Further, if plaintiff claims, and the record reflects, that defendants did not properly or completely respond to that request for production, plaintiffs recourse is the filing of a motion to compel or to seek judicial intervention to obtain an inspection of the bench. As discussed above,' there is no evidence in the record to show that plaintiff retained an expert to inspect the bench at issue.