PER CURIAM
The application of relators Thomas B. Catchings and Associates and Laurence L. Lambert is granted. The application of relators the City of Baton Rouge; the Parish of East Baton Rouge; Greater Baton Rouge Airport District; Greater Baton Rouge Airport Authority; and Ryan Airport Department is denied.
Both the trial court and the court of appeal erred in refusing to award legal interest on the amount owed under the contract between plaintiffs and defendants from the date of plaintiffs’ last invoice. 615 So.2d 56. We held in Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978), that damages, for breach of contract are *769 due from the moment of an active violation of a contract and from the time that a debtor is placed in default if the breach is passive.[1] An obligee, therefore is entitled to interest from date of default rather than from the date of judgment or from date of judicial demand. We find that defendants were placed in default by virtue of their receipt of and failure to pay plaintiffs’ September 12, 1973 invoice; therefore, plaintiffs are entitled to legal interest from that date forward until paid.
We also find that both the trial court and the court of appeal erred in refusing to award legal interest from the date of judgment on the award of expert witness fees and costs. We found in Cajun Electric Power Cooperative v. Owens-Corning Fiberglass Corporation, 616 So.2d 645 (La.1993), that once expert witness fees are fixed under La.R.S. 13:3666, a certain and liquidated sum is due the judgment creditor from the judgment debtor. We held that “interest accrues on an award of expert witness fees taxed as court costs from the date of judgment fixing such fees.” At 647. Therefore, relators are due interest on the award of expert witness fees from the date of the trial court’s judgment.
DECREE
For the reasons assigned, the judgment of the court of appeal is amended to award legal interest from September 12, 1973, the date defendants were placed in default, and to award legal interest on the amount of expert witness fees fixed by the trial court from May 15, 1991, the date of the judgment fixing court costs. Otherwise, the judgment of the court of appeal is affirmed. Each party to bear its own costs incurred in this proceeding.

. Alexander v. Burroughs, was decided pursuant to La.Civ.Code art. 1933, the substance of which now appears in La.Civ.Code art. 1989, which was reenacted by Acts 1984 No. 331, effective January 1, 1985.