Judge Rosemary Ledet
_jjThis is a suit for payment on a construction contract. Crescent City Cabinets & Flooring, L.L.C. (“Crescent City”), filed suit seeking payment from Grace Tama Development Company, L.L.C. (“Grace Tama”) and Wade T. Verges (collectively “Defendants”) for the purchase and installation of cabinets and countertops. From the trial court’s judgment in Crescent City’s favor," Defendants appeal." For the reasons that follow, we amend the judgment and affirm the amended judgment.
FACTUAL AND PROCEDURAL BACKGROUND
In 2008, Mr. Verges contracted, with Crescent City for the purchase and installation of kitchen and bathroom cabinets and countertops throughout a forty-unit apartment complex owned by Grace Tama located at 4848 Pontchartrain Drive in Sli-dell, Louisiana. On June 13, 2008, the contract (“Punchase Agreement”) was signed by Mr'. Verges, the manager of Grace Tama, and Paul Verhoeven, the president and owner of Crescent City.[1] The total price of the Purchase Agreement |?was $114,971.44 — $92,171.44 for the cabinets and countertops and $22,800.00 for the installation. The terms of the Purchase Agreement were as follows:
40% Deposit ($36,868.58) required for the material order. The remain [sic] balance ($78,102.86) in the installment of 3 payments ($26,034.29/per) including the material .and the installation. First payment due upon completion of 13 units, second payment due upon completion of additional 13 units. Final payment due upon delivery of the remaining 14 units. Invoices not paid in 30 days of delivery accrue interest at 1½% per month until paid.
Mr. Verges paid Crescent City the forty percent deposit for materials as required under the Purchase Agreement. After performing the work under the contract, Crescent City submitted an invoice (“the Invoice”) to Mr. Verges. Although Mr. Verges made partial payments totaling $35,500.00, he failed, despite repeated amicable demand, to make full payment.
On December 10, 2008, Crescent City filed a Contractor/Materialmen’s Affidavit seeking to preserve the lien and privilege on Grace Tama’s property located at 4848 Pontchartrain Drive. The Affidavit further claimed that labor and materials were last provided on November 20, 2008. On February 13, 2009, Crescent filed a petition to enforce the contract and to enforce the lien.
In response,.Defendants filed an answer and reconventional demand. Defendants claimed that any money owed was offset by damages suffered because Crescent *411 City was unlicensed, uninsured, and unqualified to perform the job. Defendants also reconvened seeking costs incurred from correcting problems and repairing damage to the property caused by Crescent City.[2]
IsOn June 16, 2015, the parties filed a joint pretrial memorandum, which included a listing of all witnesses and exhibits to be introduced at trial. On June 22, 2015, a bench trial was held. At trial, Mr. Verhoe-ven testified that he was hired by Mr. Verges to install cabinets and countertops in the apartment complex and that each apartment unit contained two bathrooms and one kitchen. He further testified that when Mr. Verges stopped paying and be: came nonresponsive to inquiries, he started recording videos of the completed units. On cross examination, Mr. Verhoeven admitted that neither he nor Crescent City had a contractor’s license. He testified that the actual cost of the materials was “about $70,000,” with the remaining $22,171.44 representing overhead and profit on the sale of the materials. Mr. Verhoeven further testified that the $22,800.00 labor charge represented the actual cost of the labor without profit or overhead.
At trial, Mr. Verges admitted that he did not pay the remaining balance of $42,602.86 to Crescent City. He explained that he withheld payment because Crescent City possessed neither a contractor’s license nor insurance as required by fylaw. He further testified that payment was withheld due to the corrective work and repairs to damage on the property caused by Crescent City.[3] Jason Kinler testified that he was one of the four cabinet installers hired by Crescent City. He testified that he did not recall how much he was paid per unit; however, he testified that he was still owed $2,200.00 for his work installing the cabinets and countertops.
After Crescent City presented its case, Defendants verbally moved for an involuntary dismissal. Defendants’ position was that since Crescent City was not licensed, the Purchase Agreement was null and void. Defendants further argued that in the absence of a contract, Crescent .City was not entitled to recover damages. On the following day, the trial court rendered judgment, finding that Louisiana law required Crescent City, to obtain, a contractor’s license in order to enter a commercial construction contract. Agreeing with Defendants, the trial court held that the Purchase Agreement was null and void. The trial court, however, awarded Crescent *412 City the cost of the materials and labor less the amount already paid by Defendants under the quantum, meruit doctrine;[4] The trial court | ¿subsequently entered judgment in favor of Crescent in the amount of $22,641.46.[5] This appeal followed.
JURISDICTION
As an initial matter, we must examine whether this court has jurisdiction to review this case. The absence of decretal language results in a judgment being not final and appealable. See Zeigler v. Housing. Auth. of New Orleans (HANO), 15-0626, p. 2 (La.App. 4 Cir. 3/23/16), 192 So.3d 175, 177. “A final appealable | (judgment must ... name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.” Smith v. State, Dep’t of Transp. & Dev., 15-0962, p. 1, n. 1 (La.App. 4 Cir. 2/17/16, 1), 186 So.3d 1180 (quoting Delta Staff Leasing, LLC v. South Coast Solar, LLC, 14-1328 (La.App. 4 Cir. 9/23/15), 176 So.3d 668; Board of - Supervisors of La. State Univ. and Agric. and Mech. Coll. v. Mid City Holdings, L.L.C., 14-0506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910).
The requirements for amending a judgment are set forth in La. C.C.P. art. 1951.[6] This court has noted that “ ‘[t]he jurisprudence is replete with numerous cases wherein Louisiana appellate courts have approved the use of amendments under *413 this article (La.C.C.P. art. 1951) where the mistake or omission is evident from the record.’ ” Habitat, Inc. v. Commons Condominiums, LLC, 11-1384, pp. 12-13 (La.App. 4 Cir. 7/11/12), 97 So.3d 1126, 1134 (quoting Trahan v. City of Crowley, OS-1394, p. 3 (La.App. 3 Cir. 4/1/09), 7 So.3d 122, 124); Cross v. Timber Trails Apartments, 06-1037, pp. 8-10 (La.App, 3 Cir. 2/7/07), 949 So.2d 616, 620-21) (collecting cases). The Louisiana Supreme Court has held that a trial court may make alterations to a judgment if the parties to that judgment consent to the alterations. Williams v. Bestcomp, Inc., 15-761, p. 6 (La.App. 3 Cir. 2/3/16), 185 So.3d 269, 274, writ denied, 16-0385 (La. 4/15/16), 191 So.3d 1032 (citing Villaume v. Villaume, 363 So.2d 448, 451 (La. 1978)).
On July 10, 2015, the trial court entered judgment in favor of Crescent City; and Defendants subsequently filed a motion for devolutive appeal. The judgment, however, failed to list the party against whom the ruling was ordered. Crescent City and Defendants subsequently consented to amending the July 10, 2015 judgment due to the lack of decretal language that would have rendered the judgment not final. On November 3, 2015, the trial court conducted a hearing to discuss deficiencies with the trial court’s judgment. Defendants thereafter filed a Motion to Dismiss Devol-utive Appeal, which the trial court granted due to the lack of a final, appealable judgment. Crescent City subsequently filed an unopposed motion to amend the judgment. On December 1, 2015, the trial court entered an amended judgment “in favor of Plaintiff, Crescent City Cabinets & Flooring, L.L.C., and against Defendants, Wade T. Verges and Grace Tama Development Company, L.L.C.” Given the judgment was amended with the parties’ consent, the amended judgment is properly before us on appeal.[7]
DISCUSSION
On appeal, Defendants contend that the trial court erred in the following three respects: (i) awarding damages in response to a motion for involuntary dismissal; (ii) awarding quantum meruit damages based solely on testimonial |sestimates; and (iii) awarding interest from the date of judicial demand instead of the date of final judgment. We discuss each issue separately.

Involuntary Dismissal

Defendants contend that the trial court erred in awarding quantum meruit damages after they moved for involuntary dismissal. Because they had not yet presented their case, Defendants contend, citing La. C.C.P. art. 1962(B),[8] that the trial court’s ruling was premature. Leday v. Safeway Ins. Co. of La., 04-610, p. 3 (La. App. 3 Cir. 11/17/04), 888 So.2d 1084, 1087 (“[t]he failure to address an -issue in a judgment is deemed to be a denial of that issue.”) (citing Gremillion v. Rapides Par. Police Jury, 430 So.2d 1362 (La. App. 3rd Cir.1983); Anthony’s Auto Sales, Inc. v. Shephard, 600 So.2d 125 (La. App. 2nd Cir. 1992)). Defendants further contend that since the party opposing the motion *414 for involuntary dismissals not entitled to any special inferences in its favor, the trial court erred by accepting Crescent City’s undocumented estimates of labor and material costs. We disagree.
Following a bench trial, a defendant may move for involuntary dismissal, pursuant to La. C.C.P. art. 1672(B), when the plaintiff has shown no right to relief based upon the facts and law. Cao v. Liberty Mut. Ins. Co., 12-954, pp. 4-5 (La.App. 5 Cir. 5/30/13), 119 So.3d 725, 728 (citing Brock v. Singleton, 10-550, p. 1619(La.App. 5 Cir. 3/29/11), 65 So.3d 649, 660). The trial court must “evaluate all the evidence and render a decision based upon a preponderance of the evidence without any special inferences in favor of the opponent to the motion.” Carollo v. Carollo, 13-0010, p. 11 (La.App. 1 Cir. 5/31/13), 118 So.3d 53, 61. “Proof by a preponderance of the evidence simply means that taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not.” Id. (citing Connelly v. Connelly, 94-0527, p. 14 (La.App. 1 Cir. 10/7/94), 644 So.2d 789, 798).
The trial court is vested with much discretion in deciding a motion.for involuntary dismissal. Ragas v. Hingle, 13-1577, pp. 4-5 (La.App. 4 Cir. 7/9/14), 146 So.3d 687, 690 (citing Guidry v. City of Rayne Police Dep’t, 09-664, p. 2 (La.App, 3 Cir. 12/9/09), 26 So.3d 900, 902). A trial court’s ruling on a motion for involuntary dismissal shall not be reversed unless there is no factual basis for its finding or that finding is manifestly erroneous or clearly wrong. Cao, 12-954, p. 5, 119 So.3d at 728; Carollo, 13-0010 at p. 11, 118 So.3d at 61. “The issue is not whether the trial court was right or wrong, but whether its conclusion was reasonable.” Carollo, 13-0010 at p. 12, 118 So.3d at 62 (citing Stobart v. State through Dep’t of Transp. & Dev., 617 So.2d 880, 881 (La. 1993).
As noted earlier, after Crescent City presented its case, Defendants moved for an involuntary dismissal. Citing ABC Bldg. Contractors, Inc. v. Westbank Prof'l Bldg. P’ship, 11-0747 (La.App. 4 Cir. 11/23/11), 2011WL 9160401 (unpub.), Defendants argued that Crescent City’s lack of a contractor’s license | Tnmade the contract absolutely null. Agreeing with Defendants, the trial court found that the contract between Crescent City and Defendants was “null and void” and awarded Crescent Gity the cost of materials and labor less the amount already paid by Defendants.
The ABC Building case, contrary to Defendants’- suggestions, does not preclude a trial court from awarding quantum meruit damages to a plaintiff after granting a defendant’s motion for involuntary dismissal. In ABC Building, the plaintiffs appealed the grant of an involuntary dismissal. Adopting the trial judge’s written reasons for judgment, this court in ABC Building agreed that a construction contract was null due to the plaintiffs’ lack of a contractor’s license. See La. R.S. 37:2150.1(4)(a);[9] La. R.S. 37:2160(A)(1).[10] *415 After finding no contract to enforce and granting a motion for involuntary dismissal, the trial court reviewed whether Lithe plaintiffs were entitled to costs of labor, material, and equipment under the quantum meruit doctrine. This court, however, disallowed the- quantum meruit claim, finding that the plaintiffs did not submit sufficient proof of their costs, not that the claim was not legally viable, ABC Building, 2011WL 9160401 at p. *6.
Defendants’ reliance on Leday likewise is misplaced. In Leday, the trial court failed to address the defendant’s motion for involuntary dismissal and awarded damages to the plaintiff. The appellate court noted that the trial judge’s award of damages “in effect denfied] Safeway’s [the defendant’s] motion for involuntary dismissal.” Reversing, the appellate court found that the plaintiff failed to carry her evidentiary burden due to the lack of evidence introduced at trial. Here, the trial court agreed with Defendants and held that the Purchase Agreement was null and void.
Moreover, as Crescent City points out, Defendants failed to object to the trial court’s ruling and indicate that they had not completed presenting their case. As this court previously recognized, “[a] party’s failure to object to a procedural irregularity is generally recognized to constitute such a waiver.” Gagliano v. Amax Metals Recovery, Inc., 96-1751, p. 2 (La. App. 4 Cir. 5/7/97), 693 So.2d 889, 891. In Gagliano, this court noted as follows: •
Plaintiffs had two separate opportunities to object to the untimely motion for involuntary dismissal, yet failed to object to the court’s consideration of the motion at that point in the case. We find this defense persuasive; although the trial court’s consideration of the motion for involuntary dismissal was improper, plaintiffs are no longer empowered to object.

Id.

| ^Following its ruling, the trial court permitted counsel for both parties to argue. Crescent City1 counsel argued that the issue of the contract being null was not previously raised and was not listed in the joint pretrial memorandum and that the jurisprudence entitles Crescent City to recover the full amount listed in the contract under the quantum meruit doctrine. Defense counsel countered that no amount was owed to Crescent City and that Crescent City had the burden of proving the existence of a contract. Defense counsel further countered that Crescent City failed to submit itemized billing for material and labor costs and thus was not entitled to any recovery. During the post-trial argument, Defense counsel neither objected on the grounds that the ruling was premature nor argued that counsel had additional evidence to present.
Furthermore, both parties presented submitted evidence at trial. The parties submitted a joint pretrial memorandum that contained a list of anticipated witnesses and exhibits to be presented at trial. The three witnesses listed in the pretrial memorandum all testified. The majority of the fifteen exhibits listed, some of which were duplicitous, were either ad *416 mitted into evidence or already a part of the court record. At trial, Crescent City submitted into evidence the contract at issue, the Invoice sent to Mr. Verges, and videos and photographs taken by Mr. Ver-hoeven of the completed cabinets and countertops. Defendants submitted into evidence all seventy-seven photographs taken by Mr. Verhoeven.[11] Given that | ^Defendants were permitted to submit evidence coupled with defense counsel’s failure to contemporaneously object, this assignment of error lacks merit.

Quantum Meruit Damages

As noted above, Defendants contend that the trial court erred in awarding Crescent City quantum meruit damages. Defendants contend that Crescent City failed to submit documentation of actual costs expended for materials and labor; rather, the only evidence submitted was estimates provided during Mr. Verhoe-ven’s and Mr. Kinler’s testimony. Defendants further contend that, due to the lack of documentation, Crescent City is not entitled to recover any costs.
Summarizing the jurisprudence on this point, this court in Sam Staub Enterprises, Inc. v. Chapital, 11-1050, pp. 8-9 (La.App. 4 Cir. 3/14/12), 88 So.3d 690, 695-96, noted the following settled principles:
“Quantum meruit is an equitable remedy, based on former LSA-C.C. Article 1965, which provided that ‘no one ought to enrich himself at the expense of another/ and on LSA-C.C. Articles 2292-2294, relating to quasi-contracts.” Coastal Timbers, Inc. v. Regard, 483 So.2d 1110, 1113 (La. App. 3 Cir.1986). Where there has been an enrichment in the absence of a contract, the law implies a promise to pay a reasonable amount for the labor and materials furnished. Id. at 1113 (citing Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La. App. 3 Cir.1976); Bordelon Motors, Inc. v. Thompson, 176 So.2d 836 (La. App. 3 Cir.1965)).
The jurisprudence of our state has allowed for contractors to recover the value of the actual cost of materials and labor, including general overhead, and a reasonable or fair profit, in the absence of a contract under the doctrine of quantum meruit. Villars v. Edwards, 412 So.2d 122, 125 (La. App. 1 Cir.1982) writ denied, 415 So.2d 945 (La. 1982); Coastal Timbers, Inc. v. Regard, 483 So.2d 1110, 1113 (La. App. 3 Cir.1986); Swan v. Beaubouef, 206 So.2d 315, 317 (La. App. 4 Cir.1968); N. Dev. Co., Inc. v. McClure, 276 So.2d 395, 400 (La. App. 2 Cir.1973); Crescent Coating Co., Inc. Through Knight v. Berghman, 480 So.2d 1013, 1018 (La. App. 5 Cir.1985).
| uSee also Baseline Const. & Restoration of Louisiana, L.L.C. v. Favrot, 10-0164 (La.App. 4 Cir. 7/21/10), 2010 WL 8972202 (unpub.).[12]
*417 Furthermore, Louisiana jurisprudence recognizes that when determining a party’s right to recover a reasonable amount for services rendered under the quantum meruit doctrine, no specific test applies to determine the reasonable value of such services. Bieber-Guillory v. Aswell, 98-559, p. 10 (La.App. 3 Cir. 12/30/98), 723 So.2d 1145, 1151. Rather, “[i]t is a matter of equity depending upon the circumstances of each case.” Id. (citing Jones v. City of Lake Charles, 295 So.2d 914 (La. App. 3 Cir. 1974).[13] Trial courts are vested with great [^discretion when awarding damages. Sam Staub, 11-1050 at p. 10, 88 So.3d at 696 (citing Miller v. Lammico, 07-1352, p. 28 (La. 1/16/08), 973 So.2d 693, 711). A damages award may not be disturbed on appeal unless an articulated analysis of the facts discloses an abuse of discretion. Id. “Tt is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of a particular injury to the particular plaintiff under the circumstances that the appellate court should increase or reduce the award.’ ” Sam Staub, 11-1050 at pp. 10-11, 88 So.3d at 696 (quoting Moody v. Cummings, 09-1233, p. 3 (La.App. 4 Cir. 4/14/10), 37 So.3d 1054, 1058).
Defendants further contend that Crescent City only demonstrated $61,868.58 in total costs of materials and labor ($36,-868.58 material deposit, $22,800.00 in installation labor, and $2,200.00 owed to Mr. Kinler). Considering that Defendants have made total payments of $72,368.58, Defendants contend that they have paid $10,500.00 more than they would have been required to pay as a matter of law. We disagree.
As Crescent City points out, contrary to Defendants’ contentions, ABC Building, supra, did not create a special rule as to the type of evidence required to support a quantum meruit claim. This court in ABC Building noted that the plaintiff failed to submit evidence, such as a contract, to support a quantum meruit claim. This court stated as follows:
1 lfiHaving provided nothing more than estimated costs from a computer estimate with no documentation consisting of items such as written contracts with its subcontractors describing their scope *418 of work, invoices from those subcontractors, proof of payment of invoices, paid labor tickets, paid invoices for equipment rental and material purchases and cancelled checks to prove payment of other incurred costs such as travel, as well as having no contract in evidence, plaintiffs are not entitled to recover in quantum meruit.
ABC Building, 2011 WL 9160401 at p. *7.
As noted elsewhere in this opinion, Crescent City admitted into evidence the Purchase Agreement and the Invoice. During cross examination, Mr. Verhoeven testified that although the Purchase Agreement lists $92,171.44 as the cost for the materials, the price included overhead and profit. He further testified that the actual cost of materials was approximately $70,000.00. Mr. Verhoeven explained that the $22,800.00 represented what he actually paid for the installation of the cabinets and countertops and that it did not include overheard or profit. Mr. Kinler testified that he was one of the four workers responsible for installing the cabinets and countertops. On cross examination, Mr. Kinler testified, that he was still owed $2,200.00. It is undisputed that Defendants paid $72,368.58.
Based on the record, we cannot conclude that the trial court abused its discretion in awarding Crescent City $22,641.46 for materials and labor. This assignment of error lacks merit.

Interest

Defendants contend that the trial court erred in awarding interest from the date of judicial demand rather than the date of final judgment. As Defendants point out, the well-settled jurisprudence has consistently held that “legal interest in a | ^quantum meruit suit is due only from the date of final judgment.” City of Alexandria v. Brown, 740 F.3d 339, 358 (5th Cir, 2014); see also Sam Staub, supra.
Crescent City recognizes the jurisprudential-rule that interest on quantum me-ruit damages is allowed only from the date of final judgment; however, it counters that the law should be changed to allow for legal interest to run from the date of judicial demand as it does in quasi offense and quasi contract cases. Crescent City notes that the Louisiana Supreme Court in Sugar Field Oil Co. v. Carter, 214 La. 586, 38 So.2d 249 (1948), found that a claim predicated on quantum meruit was an unliqui-dated claim that then becomes liquidated by judgment. Crescent City contends that the only justification for refusing to allow interest from date of juridical demand is that a quantum meruit claim is unliquidat-ed. Crescent City contends that the Louisiana Supreme Court in Trans-Global Alloy Ltd. v. First Nat. Bank of Jefferson Par., 583 So.2d 443 (La. 1991), reversed its prior jurisprudence and held that interest on an unliquidated claim is due from the date of judicial demand.
This court, however, in Staub noted as follows:
The Louisiana Supreme Court- has held that interest on damages for breach of contract are appropriate from the moment of an active violation of a contract. Alexander v. Burroughs Corp., 359 So.2d 607, 613 (La.1978); Thomas B. Catchings & Associates v. City of Baton Rouge, 621 So.2d 768, 768-69 (La.1993), However, because a contract did not exist between the parties, interest cannot be awarded from the date of the alleged violation. Furthermore, in matters where recovery has been allowed pursuant to quantum meruit, '“legal interest should only be allowed from the date of ‘final judgment.” N. Dev. Co., Inc. v. McClure, 276 So.2d 395, 401 (La.App. 2 Cir.1973) (citing Johnston v. Empire Gas, Inc. of Oak Grove, 268 So.2d 333 (La.App. 2 Cir.1972); Sugar Field Oil *419 Co. v. Carter, 214 La. 586, 88 So.2d 249 (1949); Connette v. Wright, 154 La. 1081, 98 So. 674 (1923)).
Sam Staub, 11-1050 at pp. 13-14, 88 So.3d at 698; see also Oppenheim v. Bouterie, 505 So.2d 100, 102 (La. App. 4th Cir. 1987); Bordelon v. Crutcher, 430 So.2d 1107, 1110 (La. App. 4th Cir. 1983); Gulfstream Servs., Inc. v. Hot Energy Servs., Inc., 04-1223, p. 10 (La.App. 1 Cir. 3/24/05), 907 So.2d 96, 103 (holding that “[f]or unliqui-dated or quasi-contractual damages, such as enrichment without cause, interest runs only from the date of judgment.”); Howell v. Rhoades, 547 So.2d 1087, 1090 (La. App. 1st Cir. 1989).
Furthermore, the appellate court in Howell, supra, explained as follows:
Plaintiff urges that interest be awarded from the. date of judicial demand whether this judgment is rendered under a quasi contractual theory or not, if the amount awarded is the same. The rule is that, as the amount of the award is not liquidated until the judgment is rendered when recovery is limited to quasi contract, interest is only calculated from date of judgment. McLaurin v. Holley, 484 So,2d 807 (La. App. 1st Cir. 1986), Whether thé actual recovery is the same or not under quasi contract or under an actual contract is irrelevant. The mode of recovery precludes the recovery of interest from date of judicial demand.
Given the jurisprudence, we decline in this case to depart from the jurisprudential rule that legal interest runs from the date of judgment on a quantum meruit award. Accordingly, we find the trial court erred in awarding interest from thé date of judicial demand.
DECREE
For the foregoing reasons, the judgment is amended to award interest only from the date of the trial court’s judgment, December 1, 2015. In all other respects, the trial court judgment is affirmed.
J^AMENDED, AND AS AMENDED, AFFIRMED

. At trial, Mr. Verges agreed that he entered a contract with Mr. Verhoeven, but he disputed whether the signature on the Purchase Agreement introduced at trial was his. On cross examination, Mr. Verges acknowledged that he identified his signature on the Purchase Agreement in his deposition.

. Crescent City contends that Defendants’ re-conventional demand was dismissed by the trial court due to repeated discovery violations and refusals to obey trial court orders. The record on appeal, however, does not contain a judgment dismissing Defendants' re-conventional demand; rather, the record contains the following;
• A judgment, signed on November 16, 2010, ordering Mr. Verges to pay Crescent City’s attorneys’ fees and costs and compelling Mr. Verges to appear for deposition within thirty days; and
• A judgment, signed .on December 4, 2014, granting Crescent City’s motion in limine to exclude Defendant’s exhibits, ordering Defendants to produce Ike Cooper and Daniel Solis for depositions within fourteen days or witnesses will be excluded from testifying at trial, and ordering Defendants to provide dates for the inspection of the premises.
Furthermore, the record reflects that before trial, Defendants filed a witness and exhibit list. Crescent City thereafter filed a motion to exclude Defendants' witnesses and exhibits claiming that prior rulings of the trial court prohibited Defendants from introducing certain witnesses and exhibits at trial. A hearing on the matter was set for June 22, 2015. The record, however, is void of either a transcript of the hearing or a judgment on the matter.

. Mr. Verges' testified that Crescent City caused him a total of $125,000.00 in damages and loss of income,

.At this juncture, the following colloquy ensued:
THE COURT:
Crescent City Cabinets is entitled to recover the actual cost of materials, services, and labor. Mr. Verhoeven testified that for labor he paid about $22,800 and that there was still a debt for about $2,200 that was owed to Jason Kinler, I believe, which brings the labor up to 25,000. And he testified that he paid about 70,000 for materials, which brings the total that he’s entitled to, to $95,000. So the court awards him that amount less a credit for all payments made by Mr. Verges to him. And I don’t recall what the total amount that was paid.
[[Image here]]
MR. FRISCHHERTZ [COUNSEL FOR CRESCENT CITY]:
Payments were made — there were four total payments made: One for $36,858.58, followed by a $20,000 payment, followed by an $8,000 payment, followed by a $7,000 payment.
THE COURT:
Would you total that up for me please? My math skills are not good.
That’s why we became lawyers, not engineers.
MR. FRISCHHERTZ:
My math tells me total payments of $72,358.58. ...
THE COURT:'
Subtract that from 95,000.
MR. FRISCHHERTZ:
We get $22,641.42, Your Honor.
[[Image here]]
THE COURT;
... So Mr. Frischhertz, would you prepare a judgment in favor of Crescent City Cabinets in the amount of $22,641.42. And, of course, it will draw judicial interest at the rate of demand.

. While the trial court judge stated in its ruling that the judgment should be in the amount of $22,641.42, the appealed judgment is in the amount of $22,641.46. The correct amount of the materials and labor ($95,000) less the amount that Defendants already paid ($72,368.58) is $22,641.42. Neither Crescent City nor Defendants, however, raise this issue on appeal.

. La. C.C.P. art. 1951 provides as follows:
On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to' correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

. We note that neither party raised a jurisdictional issue regarding the judgment on appeal.

. La. C.C.P. art. 1672(B) provides as follows:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

. La. R.S. 37:2150.1(4)(a) provides as follows;
"Contractor” means any person who undertakes to, attempts to, or submits a price or bid or offers to construct, supervise, superintend, oversee, direct, or in any manner assume charge of the construction, alteration, repair, improvement, movement, demolition, putting up, tearing down, or furnishing labor, or furnishing labor together with material or equipment, or installing the same for any building, highway, road, railroad, sewer, grading, excavation, pipeline, public utility structure, project development, housing, or housing development, improvement, or any other construction undertaking for which the entire cost of same is fifty thousand dollars or more when such property is to be used for commercial purposes other than a single residential duplex, a single residential triplex, or a single resi *415 dential fourplex. A construction project which consists of construction of more than two single residential homes, or more than one single residential duplex, triplex, or fourplex, shall be deemed to be a commercial undertaking.

. La. R.S. 37:2160(A)(1) provides as follows:
it shall be unlawful for any person to engage or to continue in this state in the business of contracting, or to act as a contractor as defined in this Chapter, unless he holds an active license as a contractor under the provisions of this Chapter.

. Although it is not contained in the record on appeal, the trial court permitted defense counsel to proffer Dimension Stone Design Manual, VII, by the Marble Institute of America.

. This court in Baseline noted as follows:
Louisiana courts have applied quantum meruit in two distinct situations. "One situation is where a contract actually exists, and the court is simply supplying a price.” Fogleman v. Cajun Bag & Supply Co., 93-1177 (La.App. 3 Cir. 6/15/94), 638 So.2d 706, 708 (citing Morphy, Makofsky & Mas-son v. Canal Place, 538 So.2d 569 (La. 1989)).
# ⅜ ⅜
The other type of quantum meruit is "where no contract exists, and the court must supply a substantive basis for recovery.” Id. The correct term for this substantive ground for recovery is unjust enrichment Fogleman, 92-1171 atp. 4, 638 So.2d at 709. Unjust enrichment is codified in La. C.C. art. 2298, which provides: "[a] person who has been enriched without cause at the expense of another person is bound to com *417 pensate that person.” La. C.C. art. 2298. The five elements required for an unjust enrichment claim are: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and resulting impoverishment, (4) an absence of "justification” or "cause” for the enrichment and impoverishment, and (5) no other remedy at law available to plaintiff. JCD Marketing Co. v. Bass Hotels and Resorts, Inc., 01-1096, pp. 13-14 (La.App. 4 Cir. 3/6/02), 812 So.2d 834, 842 (citing Baker v. Maclay Properties Co., 94-1529, p. 18 (La. 1/17/95), 648 So.2d 888, 897); see also Quilio & Associates, Inc. v. Plaquemines Parish Gov’t, 05-0803, p. 12 (La.App. 4 Cir. 5/10/06), 931 So.2d 1129, 1137.
Baseline, 2010 WL 8972202 atp. *14.

. See Fogleman, supra (noting that "[fjirst, the plaintiff cannot recover more than the actual value of his services and materials, plus a fair profit; and secondly, the plaintiff , cannot recover more than defendant was enriched by plaintiff's services.”); Henderson v. Ayo, 11-1605 p. 6 (La. App. 4 Cir. 6/13/12), 96 So.3d 641, 646 (citing Oscar Daste & Sons, Inc. v. Dobard, 516 So.2d 1331, 1335 (La. App. 4 Cir. 12/15/87) ("[i]n an action for quantum meruit the contractor is entitled to recover as much as he reasonably deserves for his services, and the time and labor required.”); Ricky’s Diesel Serv., Inc. v. Pinell, 04-0202, p. 5 (La.App. 1 Cir. 2/11/05), 906 So.2d 536, 539 ("the law implies a promise to pay a reasonable amount for the labor and materials furnished, even absent a specific contract therefor.”); Dennis Miller Pest Control, Inc. v. Denney Miller, Jr. Pest Controls, Inc., 379 So,2d 801, 804 (La. App. 4th Cir. 1980) (noting that "absent a specific agreement, an estimated value is the only basis for making an award.”).