| | | |
|---|---|---|
| **SYDNEY PETITE** | * | **NO. 2023-CA-0262** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JOHN L. HINDS, III** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-05327, DIVISION "I-14"
Honorable Lori Jupiter, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Tiffany Gautier Chase)

**BELSOME, J., DISSENTS WITH REASONS**

Gordon J. Kuehl
HOFFMAN NGUYEN & KUEHL, LLC
643 Magazine Street
Suite 401
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLEE

Bernard Louis Charbonnet
David M. Fink
THE LAW OFFICE OF BERNARD L. CHARBONNET, JR., A
PROFESSIONAL LAW CORPORATION
365 Canal Street
Suite 1155
New Orleans, LA 70130

Desiree Mary Charbonnet
LAW OFFICE OF DESIREE M. CHARBONNETT, LLC
365 Canal Street
Suite 1100
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLANT

       **AFFIRMED**
       **OCTOBER 31, 2023**

*TGC*
*RML*

Appellant/Defendant, John Hinds, III (hereinafter "Mr. Hinds") appeals a judgment granting Appellee/Plaintiff, S.P. an Order of Protection from abuse filed on behalf of L.H., S.P.'s minor child. [1] After consideration of the record before this Court and applicable law, we affirm the trial court's issuance of a protective order.

## Facts and Procedural History

On June 23, 2021, S.P. filed a Petition for Protection from Abuse (hereinafter "the Petition") on behalf of her minor child, L.H. pursuant to La. R.S. 46:2131, *et seq*, alleging that Mr. Hinds sexually abused L.H. while exercising his role as a visitation supervisor.[2] The trial court issued a temporary restraining order (hereinafter "TRO") the same day, suspending Mr. Hinds' role as a visitation supervisor pending further orders of the court. The original TRO was extended

---

[1] Due to the sensitive nature of the facts within this case, we have chosen to use the initials of certain parties to protect and maintain the privacy of the minor child involved in this proceeding. *See* Rule 5-1 and Rule 5-2, Uniform Rules, Courts of Appeal; *See also D.M.S. v. I.D.S.*, 2014-0364, p.27, n. 3 (La.App. 4 Cir. 3/4/15), 225 So.3d 1127, 1144.

[2] Three children were born to marriage of S.P. and J.H. The parties entered into consent custody judgment granting S.P. sole custody of the couple's three minor children. The judgment further awarded J.H. supervised visitation. When S.P. moved to Mobile, Alabama and J.H. moved to Orleans Parish, a new consent judgment was signed, in Orleans Parish, granting J.H. supervised visitation of the children every other weekend under the supervision of a relative. Mr. Hinds is one of the designated visitation supervisors.

1

several times and after multiple days of trial, the trial court ordered both parties to submit post-hearing briefs. The trial court heard testimony from the following: S.P.; Judith Dodd, Doctor of Nursing Practice (hereinafter "Dr. Dodd") at the Audrey Hepburn Care Center Children's Hospital (hereinafter "the Children's Advocacy Center"); L.H.; and Irael Balderas (hereinafter "Detective Balderas"), a sexual victims' detective with the New Orleans Police Department (hereinafter "the NOPD").[3] On January 4, 2023, the trial court issued an Order of Protection pursuant to La. R.S. 46:2131 *et seq.* and suspended Mr. Hinds' role as a visitation supervisor. The Order of Protection expires on July 4, 2024. This devolutive appeal followed.

## Standard of Review

This Court reviews the trial court's issuance of a domestic protective order under an abuse of discretion standard. *S.L.B. v. C.E.B.*, 2017-0978, p. 5 (La.App. 4 Cir. 7/27/18), 252 So.3d 950, 956.

## Discussion

Mr. Hinds asserts three assignments of error: (1) the trial court erred in issuing a protective order as S.P. failed to prove her case by a preponderance of the evidence; (2) the trial court erred in excluding testimony of S.P.'s motive in filing the Petition and testimony regarding alleged "physical abuse" against L.H. by S.P.; and (3) the trial court erred in admitting Dr. Dodd's deposition testimony. We first address Mr. Hinds' second and third assignments of error regarding the trial court's evidentiary rulings prior to moving to the correctness of the trial court's issuance of the protective order.

---

[3] Dr. Dodd's deposition was admitted in testimony.

***Evidentiary Rulings***

On appeal, Mr. Hinds seeks review of two evidentiary rulings made during trial. He maintains the trial court's cumulative evidentiary rulings vitiates the trial court's finding that S.P. established her case by a preponderance of the evidence. "A trial court is afforded great discretion concerning the admission of evidence at trial, and its decisions to admit or exclude evidence may not be reversed on appeal in the absence of an abuse of discretion." *Youngblood v. Hampton*, 2022-0202, p. 9 (La.App. 4 Cir. 12/9/22), 367 So.3d 676, 684 *writ denied*, 2023-00177 (La. 4/4/23), 358 So.3d 867 (quoting *Alfred Conhagen, Inc. of Louisiana v. Ruhrpumpen, Inc.*, 2021-0396, p. 5 (La.App. 4 Cir. 4/13/22), 338 So.3d 55, 62). "The abuse of discretion standard is highly deferential to the trial court unless the court exercised its discretion based upon an erroneous view of the law or a clearly erroneous view of the facts." *Id*. (citations omitted). With these principles in mind, we now turn to Mr. Hinds' assignments of error of the evidentiary rulings.

Mr. Hinds maintains that the trial court erred in limiting witness testimony. Specifically, he contends the trial court erred in not permitting him to question S.P. regarding her motive in filing the Petition when the true motive behind the filing of the Petition was to remove him as a visitation supervisor. He also challenges the trial court's ruling excluding any reference to allegations that S.P. "physically abused" L.H.

"Whether evidence is relevant is within the discretion of the trial judge…" *Yokum v. Funky 544 Rhythm & Blues Cafe*, 2016-1142, p. 28 (La.App. 4 Cir. 5/23/18), 248 So.3d 723, 743 (quoting *Pattison v. Valley Forge Ins. Co.*, 559 So.2d

3

873, 877 (La.App. 4 Cir. 1992). Relevant evidence is any evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La. C.E. art. 401. Pursuant to La. C.E. art. 402, "[a]ll relevant evidence is admissible…" Further, a trial court has the discretion to determine the presentation of witnesses, the admissibility of a witnesses' testimony and has immense discretion in conducting a trial. *See* La. C.C.P. art. 1632; *See D.M.S. v. I.D.S.*, 2014-0364, p. 17 (La.App. 4 Cir. 3/4/15), 225 So.3d 1127, 1138.

Mr. Hinds argued that S.P. filed the Petition in retaliation as evidenced by her prior court filings attempting to remove him as a visitation supervisor. The trial court determined that the past filings by S.P. regarding prior custodial issues before the court were not relevant to the issues to be decided. The hearing transcripts reveal that trial court allowed Mr. Hinds to initially question S.P. regarding motive. The colloquy suggests that the trial court found S.P.'s answers sufficient and deemed it unnecessary for any further explanation. A trial court is permitted to limit a witness' testimony and the presentation of evidence to the narrow issue before the court. *See D.M.S.*, 2014-0364, p. 17, 225 So.3d at 1138. We therefore find the trial court did not abuse its discretion. Thus, we find this argument lacks merit.

Mr. Hinds also argues that the trial court erred in limiting testimony to only the allegations contained in S.P.'s petition. He asserts that he should have been allowed to expand his questioning to the factual allegations contained in L.H.'s medical records. The trial court determined that allegations of S.P. "physically abusing" L.H. were not relevant. This fact is contained in the medical records and

Dr. Dodd's deposition which were admitted into evidence. In light of the fact that records evidencing L.H.'s statement are in the record, we find further testimony unnecessary. Considering the limited issue before the trial court was whether Mr. Hinds inappropriately touched L.H., we find no abuse of discretion in the trial court's rulings restricting Mr. Hinds from eliciting testimony beyond the allegations of S.P.'s petition. *See D.M.S.*, 2014-0364, p. 17, 225 So.3d at 1138 (finding that a trial court is offered vast discretion in conducting a trial and in admitting a witness' testimony). Thus, we find the trial court did not err in limiting testimony to the allegations of sexual abuse within the Petition.

Mr. Hinds also asserts that the trial court erred in admitting the deposition of Dr. Dodd into evidence. He maintains that Dr. Dodd's deposition should not have been accepted "in lieu of her live testimony." La. C.C.P. art. 1450 provides that deposition of a witness may be used at trial if "any party who was present or represented at the taking of the deposition or who had reasonable notice thereof…" If a court finds one of the following, the deposition of a witness may be used by any party for any purpose:

> That the witness is unavailable; That the witness resides at a distance greater than one hundred miles from the place of trial or hearing or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; Upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

La. C.C.P. art 1450(A)(3)(a-c). "However, the court may permit the use of the expert's deposition, notwithstanding the objection of counsel to the use of that deposition, if the court finds that, under the circumstances, justice so requires." La.

C.C.P. art. 1450(A)(5). Our review of the record shows a notice of deposition was filed into the record. Both parties were represented at Dr. Dodd's deposition and the deposition was taken for "all purposes" pursuant to La. C.C.P. art 1421, *et seq.* Considering the Petition and the sensitive nature surrounding the inappropriate touching of a minor child by a relative, there is nothing to indicate that Dr. Dodd's expert testimony should not have been considered by the trial court. *See* La. C.C.P. art. 1450(A)(5) (allows a trial court to use the deposition of an expert witness if justice so requires under the circumstances). Accordingly, there is no evidence the trial court abused its discretion in admitting Dr. Dodd's deposition.

### *Issuance of Protective Order*

Mr. Hinds argues that the trial court abused its discretion in issuing the protective order as S.P. failed to meet her burden of proof, by a preponderance of the evidence, that he sexually abused L.H.

A court may issue a protective order pursuant to La. R.S. 46:2131, *et seq.*, under the Domestic Abuse Assistance Act (hereinafter "the Act"). The Act provides relief to victims of domestic violence by creating a civil remedy for victims that ensures immediate and easily accessible protection. *See S.L.B.*, 2017-0978, p. 1, 252 So.3d at 955. Pursuant to the Act, a parent "may seek relief on behalf of any minor child…by filing a petition with the court alleging abuse by the defendant." La. R.S. 46:2133(D). Domestic abuse is defined under the Act as "physical or sexual abuse and any offense against the persons, physical or non-physical, as defined in the Criminal Code of Louisiana…committed by one family members, household members, or dating partner against another." La. R.S. 46:2132(3).

A protection order will be issued upon a showing of good cause by the petitioner. *See* La. R.S. 46:2135; La. R.S. 46:2136; *Carrie v. Jones*, 2021-0659, p. 9 (La.App. 4 Cir. 1/21/22), 334 So.3d 834, 842 (citation omitted). Good cause is the immediate and present danger of abuse on behalf of the petitioner. *See* La. R.S. 46:2135. A court "shall consider any and all past history of abuse, or threats thereof, in determining the existence of an immediate and present danger of abuse." La. R.S. 46:2135(A). The abuse does not have to be immediate, recent, or present. *Id*. The party seeking relief pursuant to the Act must prove that the allegations of abuse are true by a preponderance of the evidence. *Carrie*, 2021-0659, p. 9, 334 So.3d at 842 (citation omitted). "Proof by a preponderance of the evidence simply means that taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not." *Crescent City Cabinets & Flooring, L.L.C. v. Grace Tama Dev. Co., L.L.C.,* 2016-0359, p. 9 (La.App. 4 Cir. 10/19/16), 203 So.3d 408, 414 (citation omitted).

This case was presented to the trial court in a protracted manner and continued several times for various reasons. The filing of the Petition prompted investigations by the Department of Child and Family Services, the NOPD, and the Children's Advocacy Center. In her case-in-chief, S.P. testified that L.H. disclosed to her that Mr. Hinds touched L.H.'s "penis" and "butt" when he showered and played in the pool. L.H. stated that would swim in the pool without clothing with Mr. Hinds but did not recall whether or not Mr. Hinds had clothes on. S.P. stated that L.H. demonstrated how Mr. Hinds rubbed his "penis" with a washcloth and described L.H. as sad when he demonstrated what occurred in the hot tub. S.P. also

7

testified that following L.H.'s disclosure, he struggled with bed wetting, acted out against his younger brothers, and attended therapy.

Dr. Dodd testified that L.H. disclosed that Mr. Hinds inappropriately touched L.H. Her deposition reveals that L.H. also informed her that Mr. Hinds touched his "penis" and "butt" and it made him feel sad. Her testimony regarding L.H.'s statements about Mr. Hinds corroborates S.P.'s testimony. Dr. Dodd found that L.H.'s descriptions of his feelings, after informing her that Mr. Hinds touched him, created a concern for inappropriate contact between L.H. and Mr. Hinds. Dr. Dodd noted that L.H. was "upset" when he informed her that Mr. Hinds only touched him and not his younger brothers. Dr. Dodd stated that she did not believe L.H. was fabricating the disclosures made to her during his forensic interview. Dr. Dodd opined that based upon L.H.'s disclosures there was likely inappropriate contact between Mr. Hinds and L.H. that went beyond the scope of personal hygiene. Dr. Dodd concluded that Mr. Hinds' behavior with L.H. caused a serious concern for whether he would be an appropriate supervisor for the children's visitation.

Mr. Hinds denied inappropriately touching L.H. and believed that L.H. was fabricating the allegations made against him. He testified as to his role as a visitation supervisor with the three children and stated that he took his role seriously. Mr. Hinds admitted that L.H. swam in the pool without a bathing suit on when he was two or three years old and that all three children showered in the outdoor shower without bathing suits.

Detective Balderas testified for the defense as to his investigation into the allegations of sexual abuse. He advised the trial court that Mr. Hinds was never

arrested for a crime related to the allegations but that the investigation remained open.

When factual findings are based upon witness testimony, this Court "must give great deference to the fact finder's decision to credit witness testimony." *Carrie*, 2021-0659, p. 12, 334 So.3d at 843 (quoting *Watts v. Watts*, 2008-0834, p. 2 (La.App. 4 Cir. 4/8/09), 10 So.3d 855, 857 (citation omitted). We find that S.P. and Dr. Dodd's testimony align and support the issuance of a protective order. L.H. made clear disclosures of concerning contact between himself and Mr. Hinds to S.P. and Dr. Dodd. Both S.P. and Dr. Dodd's testimony supports a good cause showing of an immediate danger to L.H.

Although, Mr. Hinds denied all allegations against him, the trial court found S.P. and Dr. Dodd to be credible witnesses. *See S.L.B.*, 2017-0978, p. 12, 252 So.3d at 960 (quoting *Sassone v. Doe*, 2011-1821, p. 4 (La.App. 4 Cir. 5/23/12), 96 So.3d 1243, 1246) (citation omitted) ("[O]nly the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said"). The evidence indicates that Dr. Dodd did not believe that L.H. was lying during his interview nor did S.P. influence his answers. In reviewing the evidence in its entirety, we do not find the trial court abused its discretion in granting the protective order.

## Conclusion

Although we find the trial court did not abuse its discretion, we are greatly concerned that the trial court allowed this matter to languish for more than eighteen (18) months. The taking of testimony in a protracted manner and delays in

rendering a decision after the completion of testimony frustrates the efficient administration of justice. The legislature has specifically enacted deadlines for the resolution for cases filed under the Act.[4] Those delays were not maintained by the trial court. Nonetheless, after our thorough review of the record in its entirety, including the testimony of S.P. and Dr. Dodd, we find that the trial court did not abuse its discretion in issuing the protective order.

## Decree

For the foregoing reasons the judgment granting the protective order in favor of S.P. and her minor child is affirmed.

**AFFIRMED**

---

[4] In enacting the Act, La. R.S. 46:2131 provides that "[i]t is the intent of the legislature to provide a civil remedy for domestic violence which will afford the victim immediate and easily accessible protection."