SUCCESSION OF SCOFIELD DAVIS

NO. 24-CA-388

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 815-612, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING

January 29, 2025

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
John J. Molaison, Jr., and Timothy S. Marcel

**<u>AFFIRMED</u>**
    **JJM**
    **SMC**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
BARBARA DAVIS (DECEASED) AND ROBERT NARCISSE (VOLUNTARILY
SUBSTITUTED)
    Rudy W. Gorrell, Jr.

COUNSEL FOR DEFENDANT/APPELLANT,
NAOMI DAVIS
    William R. Penton, III
    James A. Harry

**MOLAISON, J.**

The appellant, Naomi Davis, seeks review of the April 8, 2024 judgment of the trial court that ordered her to vacate the separate property of her deceased husband. For the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

In 1989, the decedent, Scofield Davis, purchased property located at 1001 Garden Road in Marrero Louisiana (hereinafter referred to as "the Property"). The appellant married the decedent in 1995; he died on May 4, 2020. The Property remained the separate property of the decedent during the marriage.

Shortly before his death, the decedent executed a will bequeathing the Property to his daughter, Barbara Davis. The will bequeaths the appellant a two-year usufruct of the Property. The will states that it is the appellant's responsibility to maintain insurance and pay taxes on the Property, and that the usufruct terminates in the event she fails to do so. The will appoints Barbara as the executrix of the decedent's estate. The appellant is not Barbara's mother.

On March 11, 2021, Barbara filed a petition seeking possession of the estate. In this petition, she acknowledged the appellant's usufruct over the Property. On March 12, 2021, the trial court signed a judgment placing Barbara into possession of the Property and recognizing the usufruct. On July 5, 2022, the appellant filed a petition to re-open the succession and vacate the judgment of possession. On September 14, 2023, Barbara filed a petition to remove the appellant from the Property.

On October 31, 2023, the trial court vacated the judgment of possession.[1] The appellant filed an opposition to Barbara's petition arguing that because the judgment of possession had been vacated, the usufruct did not begin "until there is

---

[1] The trial court did not sign the written judgment vacating the judgment of possession until April 1, 2024. Barbara remained executrix of the estate.

24-CA-388                                        1

a judgment of possession placing the testamentary usufructuary in possession of her usufruct." The appellant argued that Barbara's petition to remove her from the Property should be denied on this basis. The appellant further argued that if determined that the usufruct had terminated, she is entitled to remain in the property because she is owed "reimbursement claims against the owner/decedent and/or his heirs." Barbara filed a reply to the appellant's opposition arguing that the usufruct started when the decedent died on May 4, 2020, and terminated two years later, on May 4, 2022. Barbara further argued that because the requested reimbursement is for expenses claimed before the usufruct began, she was not entitled to retain possession of the Property. Barbara also argued that the appellant failed to pay property taxes as required by the testamentary usufruct.

The trial court held a hearing on April 1, 2024, and ordered that the appellant vacate the Property by May 1, 2024, and signed a written judgment to that effect on April 8, 2024. On June 6, 2024, the trial court granted the appellant's motion for a devolutive appeal of the judgment.

## LAW AND DISCUSSION

Absence of Oath

In her first assignment of error, the appellant argues that the motion to evict her from the Property was not properly before the court. She reasons that at the time Barbara filed the motion, a hearing was held, and the judgment was rendered, Barbara had not taken the oath of office nor had letters testamentary been issued. The appellant concludes that because Barbara had not yet qualified for the position of executrix, she was unauthorized to file anything as a succession representative.

Although not specifically stated, the appellant attempts to raise the dilatory exception of lack of procedural capacity in this assignment of error despite the argument not being raised in the trial court proceedings. All objections which may be raised through the dilatory exception are waived unless pleaded. La. C.C. art.

926(B).  Further, a party permitting a case to go to judgment without objecting to the procedure or excepting to the pleadings cannot question, on appeal, the propriety of the proceedings.  *Crescent City Cabinets & Flooring, L.L.C. v. Grace Tama Dev. Co., L.L.C.*, 16-359 (La. App. 4 Cir. 10/19/16), 203 So.3d 408, 415.  Accordingly, the appellant has waived this objection, and this assignment of error lacks merit.

<u>Usufruct has not terminated</u>

In her second assignment of error, the appellant argues that a judgment is necessary to place a testamentary usufructary in possession.  She contends that the two-year term of usufruct has not commenced because there is no such judgment.

At the hearing on this motion to remove the appellant from the Property, the trial judge stated, "Usufruct expired.  It was two years.  It's over.  The usufruct is over."  Counsel for the appellant replied, "You're right, Your Honor."  Counsel then argued that the appellant was not reimbursed by the succession for the community funds used to pay expenses of the decedent's separate property, i.e., the mortgage, improvements, and repairs to the house.

A judicial confession is a declaration made by a party in a judicial proceeding and constitutes full proof against the party who made it.  La. C.C. art. 1853.  A counsel's declaration has the same effect as if made by the party itself.  *Sweet Lake Land & Oil Co., LLC v. Oleum Operating Co., L.C.*, 21-169 (La. App. 3 Cir. 12/1/21), 362 So.3d 486, 503, *writ granted in part and remanded*, 22-00497 (La. 9/20/22), 345 So.3d 1022.  Appellant counsel's agreement with the trial judge that the two-year usufruct had terminated is a judicial confession.  As such, she cannot argue on appeal that the usufruct has not terminated because there is no judgment of possession.  This argument is without merit.

## Reimbursement claims not paid

In her final assignment of error, the appellant argues that the trial court erred in ordering her removal from the Property because she has not been reimbursed by the succession for the community funds used to pay the mortgage on the Property and for repairs and improvements to the Property. In support of this position, the appellant relies on La. C.C. art. 627, which states:

> Upon termination of the usufruct, the usufructuary or his heirs have the right to retain possession of the property until reimbursed for all expenses and advances for which they have recourse against the owner or his heirs.

The appellant's argument is misplaced. The right of retention pursuant to La. C.C. art. 627 applies to expenses under La. C.C. art. 579 and art. 585. See, La. C.C. art. 627 Revision comment (c). Article 579 provides that if the naked owner refuses to make extraordinary repairs, the usufructuary may, and he shall be reimbursed without interest by the naked owner at the end of the usufruct. Repairs for the reconstruction of the whole or of a substantial part of the property subject to the usufruct are extraordinary repairs. La. C.C. art. 578. If extraordinary charges are "of a nature to augment the value of the property subject to the usufruct, the naked owner shall reimburse the usufructary at the end of the usufruct only for the capital expended." La. C.C. art. 585. In the proceedings below and on appeal, the appellant claims she is entitled to retain possession of the Property because she is owed reimbursement for community funds used to pay the mortgage on the Property, and to make repairs and improvements to the property. We disagree. Reimbursement for these expenses do not entitle the appellant to retain possession of the Property pursuant to article 627. *See Barnes v. Cloud,* 46,685 (La. App. 2 Cir. 12/14/11), 82 So.3d 463, 466. Accordingly, this assignment of error is without merit.

Voluntary substitution

According to the briefs filed in this matter, Barbara Davis died on July 14, 2022. In the appellee brief, it is requested that Barbara's brother be substituted in her place for the filing of the brief and "for all pending matters."

The Uniform Rules for the Courts of Appeal state that the rules and procedures for substitution of parties provided by La. C.C.P. arts. 801-807 shall regulate the substitution of parties. Article 801 provides:

> When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
> As used in Articles 801 through 804, "legal successor" means:
> (1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
> (2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

There has been no motion for substitution accompanied by proof filed in this Court; therefore, this Court is without authority to grant the relief requested. *See, Konneker v. Sewerage & Water Bd. of New Orleans*, 96-2197 (La. App. 4 Cir. 11/19/97), 703 So.2d 1341, 1343, *writ denied*, 97-3137 (La. 2/13/98), 709 So.2d 760.

Attorney fees

In her brief the appellee has requested attorney fees. However, an appellee is not entitled to attorney fees for legal services rendered on appeal when the appellee neither answers an appeal nor appeals from the trial court's judgment. La. C.C.P. art. 2133. An assertion in a brief does not serve as an answer to appeal. *Clover v. Redfish Rentals, Inc.*, 22-470 (La. App. 3 Cir. 2/2/23), 357 So.3d 522, 532. For these reasons, we deny the appellee's request for attorney fees.

## CONCLUSION

For the preceding reasons, we affirm the April 8, 2024 judgment of the trial court.

24-CA-388        6        **AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JANUARY 29, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-388

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
RUDY W. GORRELL, JR. (APPELLEE)     GEORGE M. MCGREGOR (APPELLANT)     JAMES A. HARRY (APPELLANT)
ROBERT J. DAIGRE (APPELLANT)

### MAILED
CESAR R. BURGOS (APPELLANT)
LEILA M. BONILLA (APPELLANT)
WILLIAM R. PENTON, III (APPELLANT)
ATTORNEYS AT LAW
3535 CANAL STREET
SUITE 200
NEW ORLEANS, LA 70119